T.C. Memo. 2002-95


UNITED STATES TAX COURT


ROBERT LEE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6655-00.                    Filed April 9, 2002.


Robert Lee, Jr., pro se.

<u>Erin K. Huss</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  In separate notices of deficiency for each year, respondent determined the following deficiencies and additions to tax:

| | | Additions to Tax, I.R.C. | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1995 | $2,864 | $716.00 | $155.29 |
| 1996 | 2,592 | 648.00 | 137.96 |
| 1997 | 2,737 | 684.25 | 146.43 |
| 1998 | 3,666 | 916.50 | 167.75 |

The only bona fide issue for decision is whether a penalty should be imposed on petitioner under section 6673.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The relevant facts have been deemed stipulated pursuant to Rule 91(f). Petitioner resided in Tempe, Arizona, at the time he filed his petition.

During the years in issue, petitioner was a retired Federal employee. He received a pension paid by the U.S. Office of Personnel Management in the amounts of $19,272, $19,782, $20,484, and $20,904 for 1995, 1996, 1997, and 1998, respectively.

During the years in issue, petitioner also received payments as follows:

| Payor | Year | Amount |
|-------|------|--------|
| Enrich International | 1995 | $2,461.21 |
| | 1996 | 1,051.82 |
| | 1997 | 868.58 |
| Scottsdale Camelback Resort | 1996 | 382.20 |
| Kyrene School District | 1997 | 427.71 |

Petitioner received other items of income during the years in issue that were included in respondent's determination based on third-party records received by respondent. Petitioner failed to file Federal income tax returns for 1995, 1996, 1997, and 1998. Respondent has now conceded that the income that petitioner received in 1996 as reflected on the notice of deficiency from Scottsdale Camelback Resort should be reduced by $382 to the amount shown in the above table.

The first numbered paragraph of the Amended Petition filed August 16, 2000, alleged that "The Petitioner is a single man". Paragraph 5 b alleged the following error: "Error in failing to account for deductions the Petition would be entitled to as a person who is married filing jointly." Paragraph 6 alleged:

6. The facts upon which the Petitioner relies, as the basis for his case, are as follows:

a. The Petitioner did not receive any of the income alleged in the Notices of Deficiency.

b. The Petitioner is married. Arizona Law establishes a joint indivisible half interest in all property and income owned and held in the State of Arizona by the marital community. No

deficiency can lawfully issue that is not a
joint Notice of Deficiency addressed to both
spouses jointly.

Attached to the Amended Petition was a verification under penalty
of perjury signed by petitioner.

By notice served August 24, 2001, this case was set for
trial in Phoenix, Arizona, on January 28, 2002. Attached to the
Notice Setting Case for Trial was a Standing Pre-Trial Order that
provided in part:

ORDERED that all facts shall be stipulated to the
maximum extent possible. All documentary and written
evidence shall be marked and stipulated in accordance
with Rule 91(b), unless the evidence is to be used to
impeach the credibility of a witness. Objections may
be preserved in the stipulation. If a complete
stipulation of facts is not ready for submission at
trial, and if the Court determines that this is the
result of either party's failure to fully cooperate in
the preparation thereof, the Court may order sanctions
against the uncooperative party. Any documents or
materials which a party expects to utilize in the event
of trial (except for impeachment), but which are not
stipulated, shall be identified in writing and
exchanged by the parties at least 15 days before the
first day of the trial session. The Court may refuse
to receive in evidence any document or material not so
stipulated or exchanged, unless otherwise agreed by the
parties or allowed by the Court for good cause shown.
* * *

On November 8, 2001, Respondent's Request for Admissions was
filed. Petitioner's Response to Requests for Admissions was
filed December 4, 2001. Petitioner's responses included
assertions such as the following: "Admit the Petitioner lived in
Phoenix, Arizona, but denies he resided." With respect to each

notice of deficiency attached to the Request for Admissions, petitioner's response was: "Admit this a copy of the Notice of Deficiency. Deny that there has been a taxable year."

In response to the balance of the requested admissions, petitioner asserted the following:

> OBJECTION: Because the request could be used as evidence to incriminate the Petitioner, the Petitioner can neither admit nor deny this fact.

On December 13, 2001, respondent filed a Motion to Show Cause Why Proposed Facts in Evidence Should Not Be Accepted as Established. The proposed Stipulation of Facts attached to the motion set forth facts that should not reasonably have been disputed, in accordance with Rule 91. The documents that were attached included copies of third-party records provided to respondent that were the basis of the notices of deficiency. Also attached to respondent's motion were copies of correspondence between the parties. In a letter to petitioner dated September 28, 2001, respondent's counsel enclosed the proposed stipulation and supplemental stipulation. Respondent's counsel reminded petitioner of the Tax Court Rule that facts and documents about which there should be no disagreement should be stipulated. Respondent also attached a copy of the notice of trial and Standing Pre-Trial Order. Respondent's counsel letter also stated:

Lastly, although you were vague about your theory of the case during our last meeting, it is my understanding that you are planning to argue to the Tax Court that the money you received for your retirement and the work you did during the years at issue, is not taxable. Please be advised that should you advance such frivolous arguments before the Tax Court, I will ask the Tax Court to impose a sanction against you. The authority for such a sanction is at I.R.C. sec. 6673, and allows the Tax Court to impose a penalty of up to $25,000.00.

Petitioner's response to the above letter was erroneously dated May 22, 2001, and stated:

I am writing in response to your letter of September 28, 2001.

It is clear from the tone of your letter that you do not comprehend the issues of this case. Either that or I am left with no alternative but to treat your letter as an idle and improper threat against me and my property. If it is such a threat, I don't think I need to remind you of the consequences of 26 U.S.C. sec. 7214 which provide criminal sanctions for such threats and intimidation under color of law.

This is a case of unreported income. I have denied receipt of that income. Under the current state of the law you have the burden of proving receipt of that income and that the income was from a taxable source. United States v. Janis, 428 U.S. 433, 441-442 (1976); Portillo v. Commissioner, 932 F.2d 1128 (5th Cir., 1991); Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir., 1979); Gerardo v. C.I.R., 552 F.2d 549, 552 (3rd Cir., 1977).

Given the tone of your letter, I cannot sign the Stipulation of Facts as proposed. I am going to have to go over them thoroughly and amend them. In the interim, you must do the following. Produce all documents you intend to use at trial to prove that I received the income alleged in the Notices of Deficiency and identify all witnesses you intend to call to introduce and authenticate those documents.

You have until October 25, 2001 to produce the evidence and list of witnesses.

    If you fail to do so, then I will have no alternative but to use formal discovery methods to compel you to provide the information.  In addition, I will file a Motion for Summary Judgment.  Since you will be the one who has the burden of proof, all I have to do is establish that there is an absence of evidence to prove an essential element of your case.

    I hope we now understand each other.  If you persist in continuing with your idle threats, then I will take appropriate action to inform the court that you are unnecessarily delaying the proceedings and if possible I will seek sanctions against you.

In a letter dated October 18, 2001, respondent's counsel responded to petitioner's letter.  The response included the following paragraphs:

    Furthermore, I am attaching a letter written by you in 1996.  This letter indicates your frivolous positions regarding the federal income tax.  These positions include that you were unable to determine that you are a citizen or resident of the United States and that there is no evidence of "gross income from a source within, or from a trade or business which is effectively connected with the United States."  You made these frivolous statements even though you live in Arizona and received numerous Forms 1099 for the 1995 taxable year (one of them even from the federal government's Office of Personnel Management Retirement and Insurance).

    These arguments have failed repeatedly before the Tax Court.  Your arguments will fail.  Furthermore, I believe the Tax Court will impose a sanction on you for wasting their time with these frivolous positions.  It really is in your best interest to try and settle this case.  I would be happy to look at any deductions you may have that would decrease your tax.

    I am looking forward to receiving a proposed Stipulation of Facts from you.  If I do not receive one

from you by November 9, 2001, I will file a motion under Tax Court Rule 91(f) to compel you to stipulate to facts.

On December 14, 2001, the Order to Show Cause Under Rule 91(f) was issued to petitioner. Petitioner responded to that order, attempting to condition his stipulation on recognition of his assertion of the Fifth Amendment privilege, but he showed neither reasonable fear of incrimination nor reasonable doubt as to the accuracy of the proposed stipulations. By Order dated January 10, 2002, the matters set forth in the proposed stipulation were deemed established for purposes of this case.

The case was called from the calendar in Phoenix, Arizona, on January 28, 2002. The respective trial memoranda of the parties were filed. Petitioner's trial memorandum set forth inapplicable legal authorities dealing with illegal income in support of his argument that respondent had the burden of proof. Under evidentiary problems, petitioner set forth the following:

> Evidentiary Problems: The evidence the Respondent apparently intends to use the W-2's or 1099's. The W-2's are jurisdictionally barred as they are reports from "Wages" alleged to have been paid under Subtitle C. This Court is without jurisdiction to determine the Petitioner's 'employment' status absent a self-employment tax claim. The W-2's or 1099's are otherwise invalid because they must be submitted to the IRS by the preparer under penalty of perjury. 26 U.S.C. sec. 6065.

Trial was set for January 30, 2002.

At the time of trial, respondent presented copies of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, under seal, for each year.  Petitioner objected to the exhibits as hearsay.  Rule 803(10) of the Federal Rules of Evidence provides:

Rule 803(10).

ABSENCE OF PUBLIC RECORD
OR ENTRY

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

*    *    *    *    *    *    *

(10) Absence of public record or entry.  To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with Rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

Rule 902 of the Federal Rules of Evidence sets forth rules for self-authentication of various types of records.

Respondent also presented copies of third-party records accompanied by declarations under rule 902(11) of the Federal Rules of Evidence.  Those records satisfied the conditions of rule 803(6) of the Federal Rules of Evidence, which provides:

Rule 803(6).

RECORDS OF REGULARLY
CONDUCTED ACTIVITY

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

*   *   *   *   *   *   *

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Petitioner presented no evidence or argument suggesting that any of the records received in evidence were not reliable. While generally asserting that he had not received the amounts stated, petitioner relied on his Fifth Amendment privilege and refused to answer questions or to testify about his income.

Petitioner did testify that he was married during the years in issue, but he refused to answer any questions about whether his wife earned any income or filed a tax return for the years in

issue.  He refused to answer questions about whether he had a community property or premarital agreement with his wife.  He refused to answer questions concerning who prepared the documents filed by him in this case, which documents contained inconsistent and frivolous claims and spurious threats, as set forth above.  Respondent called as a witness a revenue agent who explained how respondent determined petitioner's receipt of income from the third-party records in the file.

### Discussion

The stipulation proposed by respondent, the motion for order to show cause, the order to show cause, and the order deeming facts stipulated for purposes of this case were all consistent with Rule 91.  The statements made in the stipulation and the documents attached to it were all matters "which fairly should not be in dispute."  See Rule 91(a).  Petitioner did not raise at any time a dispute as to the factual accuracy of the stipulation.  His objections relate solely to his erroneous theory about respondent's burden of proof and his Fifth Amendment privilege.

Petitioner's assertion that respondent has the burden of proof is not a sufficient objection to a proposed stipulation.  Rule 91(a) specifically states that "The requirement of stipulation applies under this Rule without regard to where the burden of proof may lie with respect to the matters involved."  See, e.g., Console v. Commissioner, T.C. Memo. 2001-232.

Petitioner's argument that Rule 91(f) could not be applied without violating his Fifth Amendment privilege must be rejected. The phrase that comes readily to mind was first used by the U.S. Supreme Court in United States v. Sullivan, 274 U.S. 259, 264 (1927), to wit, a taxpayer may not "draw a conjurer's circle around the whole matter" of his or her tax liability. See also Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12; McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court; United States v. Carlson, 617 F.2d 518, 523 (9th Cir. 1980). In a civil tax case, the taxpayer must accept the consequences of asserting the Fifth Amendment and cannot avoid the burden of proof by claiming the privilege and attempting to convert "the shield * * * which it was intended to be into a sword". United States v. Rylander, 460 U.S. 752, 758 (1983); see Steinbrecher v. Commissioner, supra; Traficant v. Commissioner, 89 T.C. 501 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

Petitioner also contends that respondent erroneously relied on third-party information to determine that he had unreported income for the years in issue. He has not, however, raised any bona fide dispute as to the amounts reported on the third-party documents. His arguments, as he was advised by respondent during

pretrial preparation, have been consistently and thoroughly rejected and may be the basis for sanctions. See also Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). Petitioner's response to counsel's letters was premised on faulty and totally unfounded factual and legal assertions.

In these circumstances, respondent was entitled to rely on the third-party information. See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); see also sec. 6201(d). In any event, the facts and documents that were deemed stipulated establish petitioner's receipt of taxable income. Petitioner had the burden of identifying and proving any deductions to which he might be entitled. See, e.g., Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. He failed to do so and has not shown that respondent's determination is in any way erroneous.

The stipulated facts also satisfy respondent's burden of production with respect to the additions to tax in issue. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-449 (2001).

Section 6673(a)(1) provides:

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

    (a) Tax Court Proceedings.--

      (1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>
> (B) the taxpayer's position in such proceeding is frivolous or groundless, or
>
> (C) the taxpayer unreasonably failed to pursue available administrative remedies,
>
> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

The various arguments that petitioner made in this case have been long discredited and patently were asserted for purposes of delay.  His inconsistent pleadings show disregard for truthfulness and for the seriousness of these proceedings.  We conclude that a penalty under section 6673(a) should be awarded to the United States in the amount of $10,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.