T.C. Memo. 2004-264

UNITED STATES TAX COURT

ROBERT LEE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15735-03L.            Filed November 18, 2004.

Robert Lee, Jr., pro se.

<u>Cindy Wofford</u>, <u>Alan Levine</u>, and <u>Erin K. Huss</u>, for
respondent.


MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This collection review
case is before the Court on respondent's Motion for Summary
Judgment.[1]  As discussed in detail below, we conclude that there

---

[1]  Section references are to sections of the Internal
Revenue Code, as amended, and Rule references are to the Tax
Court Rules of Practice and Procedure.

is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.

Background[2]

Petitioner, a retired Federal employee, is inveterately opposed to paying Federal income taxes. In Lee v. Commissioner, T.C. Memo. 2002-95, affd. 61 Fed. Appx. 471 (9th Cir. 2003), we observed that petitioner failed to file Federal income tax returns for 1995, 1996, 1997, and 1998, and we sustained the Commissioner's determinations that petitioner was liable for deficiencies and additions to tax for each of those taxable years. In addition, we imposed a penalty upon petitioner pursuant to section 6673(a) in the amount of $10,000 on the ground that his arguments were meritless and asserted solely for purpose of delay.[3]

The record in the present case includes a Form 4340 (Certificate of Assessments, Payments, and Other Specified Matters) which demonstrates that, on September 9, 2002, respondent entered assessments against petitioner for the taxable year 1995 reflecting the tax deficiency, additions to tax, and penalty under section 6673(a) set forth in the Court's decision at docket No. 6655-00, as well as statutory interest. On

---

[2] The record reflects and/or the parties do not dispute the following facts.

[3] The Court entered its decision at docket No. 6655-00 on Apr. 10, 2002.

September 9, 2002, respondent issued to petitioner a notice of balance due for the taxable year 1995.

On January 21, 2003, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing requesting that petitioner pay his outstanding tax liability for 1995. On February 12, 2003, petitioner submitted to respondent a Request for Collection Due Process Hearing challenging the validity of the assessment for 1995. Specifically, petitioner argued that respondent failed to provide petitioner with either a record of the assessment or a notice of the assessment.

On July 22, 2003, the parties met for the purpose of conducting an administrative hearing regarding respondent's proposed levy. However, the hearing was terminated when the Appeals officer informed petitioner that he would not be permitted to make an audio recording of the hearing.

On July 31, 2003, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. In the notice, respondent determined that it was appropriate to proceed with the proposed levy because: (1) Petitioner had previously challenged respondent's notice of deficiency for 1995 in the Tax Court, and, therefore, he was barred from challenging his underlying tax liability pursuant to section 6330(c)(2)(B); (2) petitioner failed to file Federal income tax returns from 1995 to 2002, and, therefore, he was not

eligible to make an offer in compromise or to pay his outstanding tax liability in installments; and (3) the Appeals officer reviewed petitioner's administrative file and concluded that respondent met all of the administrative and legal procedures governing the assessment and collection of petitioner's outstanding tax liability for 1995.

On September 8, 2003, petitioner filed with the Court a Petition for Lien and Levy Action Under 26 USC §6330(d).[4] Citing the Court's holding in Keene v. Commissioner, 121 T.C. 8 (2003), petitioner's sole contention in the petition is that respondent abused his discretion in issuing a notice of determination to petitioner without permitting petitioner to make an audio recording of the administrative hearing.

After filing an answer to the petition, respondent filed a Motion for Summary Judgment. Citing the Court's holding in Kemper v. Commissioner, T.C. Memo. 2003-195, respondent contends that, considering the record as a whole (and particularly petitioner's predisposition to bring frivolous actions), respondent's decision to deny petitioner the opportunity to make an audio recording of the administrative hearing was at most harmless error. Further, respondent argued that, under the circumstances, it was not necessary, nor would it be productive,

---

[4] At the time the petition was filed, petitioner resided in Tempe, Arizona.

to remand the case to respondent's Appeals Office for further proceedings.

This matter was called for hearing at the Court's motions session held in Washington, D.C., on July 21, 2004. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. No appearance was entered by or on behalf of petitioner at the hearing. However, on July 26, 2004, petitioner filed with the Court a written statement under Rule 50(c) in opposition to respondent's motion.

Following the hearing, the Court issued an Order directing petitioner to file with the Court an amended petition setting forth a valid claim for relief under section 6330(c). The Court subsequently granted petitioner's motion for an extension of time to comply with the Court's Order. Nevertheless, petitioner failed to file an amended petition as directed.[5]

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories,

---

[5]Had petitioner filed an amended petition setting forth a valid claim for relief under sec. 6330, it might have been appropriate to remand the case to respondent's Appeals Office.

depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Based on our review of the record, we are satisfied that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law.

Petitioner's conduct in his earlier deficiency case at docket No. 6655-00, coupled with the arguments that he made in his request for collection due process hearing, clearly demonstrate that petitioner initiated the collection review procedures set forth in section 6330 solely for the purpose of delay. As discussed below, the arguments that petitioner included in his request for a collection due process hearing have no merit. Moreover, petitioner ignored the opportunity that the Court extended to him to file an amended petition setting forth a

legitimate claim for relief.

Considering all the facts and circumstances, we agree with respondent that the Appeals officer's decision to preclude petitioner from making an audio recording of the administrative hearing was at most harmless error. Moreover, petitioner has given us no reason to believe that remanding this matter to respondent's Appeals Office would be productive or otherwise advance the policies underlying section 6330. Consistent with our reasoning in Kemper v. Commissioner, supra, we conclude that a remand is unwarranted.[6]

The Form 4340 attached to respondent's motion in this case shows that respondent properly assessed the tax liability that respondent intends to collect and respondent properly notified petitioner of the assessment by way of a notice of balance due. See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992).

Numerous cases establish that no particular form of verification of an assessment is required, that no particular document need be provided to a taxpayer at an administrative hearing conducted under section 6330, and that a Form 4340 (such as that included in this record) and other transcripts of account

---

[6]As previously discussed, petitioner was given every opportunity to file a proper amended petition setting forth a valid claim for relief. However, petitioner failed to comply with the Court's Order to file an amended petition.

satisfy the verification requirements of section 6330(c)(1).  See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001).

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Form 4340.  Moreover, petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).

The record reflects that respondent has complied with all applicable laws and administrative procedures in this case. Consistent with the preceding discussion, it follows that respondent is entitled to judgment as a matter of law sustaining respondent's determination to proceed with collection.

To reflect the foregoing,

An Order and Decision will be entered granting respondent's Motion for Summary Judgment.