T.C. Memo. 2003-210


UNITED STATES TAX COURT


ROBERT H. DEPUTY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8183-02L.               Filed July 16, 2003.


Robert H. Deputy, pro se.

<u>Minakshi Tyagi-Jayasinghe</u>, for respondent.


MEMORANDUM OPINION


GERBER, <u>Judge</u>:  Respondent, on March 10, 2003, moved for
summary judgment on two questions:  (1) Whether respondent may
proceed with collection of various income taxes and penalties
assessed against petitioner and (2) whether petitioner is liable

for a penalty under section 6673[1] because this proceeding was instituted or maintained for delay and/or petitioner's position is frivolous. Petitioner filed responses and a hearing on the summary judgment motion was held on March 31, 2003, at Los Angeles, California.

Background

Respondent has assessed income tax deficiencies, penalties, and additions to tax against petitioner for 1992 and 1997. Respondent has also assessed $500 civil penalties for frivolous returns under section 6702. A Form 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, was sent to petitioner on February 5, 2001, and he requested a section 6330 hearing.

Petitioner's 1992 income tax return, which was filed in early May 1995, reflected $19,758 in wage income and also reported a $2,426 income tax liability. On August 2, 1995, respondent issued a notice of deficiency determining additions to tax in the amounts of $553.03 and $107.20, for late filing of the return and failure to pay estimated tax, under sections 6651(a) and 6654(a), respectively. On April 15, 1996, respondent mailed a notice and demand for payment to petitioner, and on

_____

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

June 10, 1996, petitioner filed a demand for abatement and claim for a refund of his 1992 taxes.  No abatement or refund was made.

On April 15, 1998, petitioner filed a 1997 income tax return on which he reflected $30,000 of income, but no taxable income, and he sought a refund of $948.24 in withheld tax.  Attached to the 1997 return was a Form W-2, Wage and Tax Statement, reflecting the payment of $30,012.65 of wage income to petitioner.  On December 22, 1998, respondent mailed a notice of deficiency to petitioner determining a $3,514 income tax deficiency and a $76.97 addition to tax under section 6651(a).  With respect to that notice, petitioner filed what was deemed an imperfect petition, and this Court, on March 18, 1999, ordered him to file a proper petition.  Petitioner failed to do so, and on August 18, 1999, his case concerning the 1997 tax year was dismissed for lack of jurisdiction.

Petitioner requested a precollection hearing in response to the notice of intent to collect, and the Appeals officer set a hearing date.  Petitioner failed to attend the scheduled conference and, instead, asked for and was granted a rescheduled date for the hearing.  The hearing was held on March 21, 2001, and it was tape recorded.  At the hearing, the Appeals officer provided petitioner with Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters.

At the hearing, petitioner denied the existence of the notices of deficiency, notices and demand, and other pertinent documents on the grounds that they were either not personally signed by the Secretary of the Treasury or that they were not on the official form. His arguments were without substance and based on selective readings and interpretations of cases, statutes, and related materials. He also confronted the Appeals officer with a copy of the Internal Revenue Code and challenged him to show where in that document petitioner was required to pay any tax. Petitioner also asked whether he could delegate to the Appeals officer a power of attorney, so that petitioner could assign the responsibility of filing petitioner's income tax returns to the Appeals officer. Petitioner did not raise any spousal defenses or collection alternatives at the hearing. After the hearing, respondent issued notice of intent to proceed with collection.

In documents that petitioner submitted to respondent he made protester arguments; i.e., that he was not subject to the income tax because he was an American citizen and that only nonresident aliens and Federal employees are subject to Federal tax. Petitioner also sent in materials concerning Irwin Shiff, a reputed tax protester.

Discussion

Respondent seeks summary judgment with respect to whether he may proceed to collect certain outstanding tax liabilities against petitioner and whether petitioner should be held liable for a penalty under section 6673. Rule 121 provides for summary judgment to be employed as to part or all of the legal issues in controversy if there is no genuine issue as to any material fact and a summary adjudication may be rendered as a matter of law. See also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). In that regard, summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

There is no genuine issue as to any material fact in this case. Respondent, pursuant to section 6331(a) was seeking to levy on petitioner's property. In accord with sections 6330(a) and 6331(d), respondent provided petitioner with final notice of intent to levy, which also included notice of petitioner's right to an administrative appeal of respondent's decision to collect the tax. In that regard, the Commissioner cannot collect by levy without the opportunity for a taxpayer to seek an administrative review of the decision to proceed with collection, and/or the opportunity for judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000).

Petitioner opted for an administrative appeal and, after respondent's decision to go forward with collection, sought review by this Court. Petitioner did not file a petition for his 1992 tax year or perfect his petition for his 1997 tax year following respondent's issuance of the notices of deficiency. Accordingly, petitioner is afforded review by this Court solely on the question of abuse of discretion because the validity of the underlying liabilities is not at issue. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Because petitioner is not entitled to question the underlying tax liability, his administrative hearing was limited to collection issues, including spousal defenses, the appropriateness of respondent's intended collection action, and possible alternatives to collection. Petitioner questioned the appropriateness of respondent's proposed collection action by questioning whether the Appeals officer had satisfied the verification requirement of section 6330(c)(1). Petitioner contends that respondent used incorrect forms for the notice and demand and otherwise failed to meet the requirement because the Secretary did not personally verify the liability.

At the administrative Appeals conference, petitioner was provided with a transcript of his tax accounts detailing the information underlying the assessment of the taxes in question. Petitioner does not question whether all of the steps had been

taken or performed. In effect, he questions the authenticity of the documents used by respondent to meet the statutory requirements. Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement. Wagner v. Commissioner, T.C. Memo. 2002-180; see also Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003). In addition, it has been held that "'The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under * * * [section 6303].'" Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992) (quoting Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990)). Accordingly, we find petitioner's arguments to be specious and without merit.

At the administrative hearing, petitioner was provided with documents that satisfied respondent's verification requirement. From the transcript of the hearing, it is also clear that petitioner did not raise any issue provided for in section 6330(c)(2). To the extent that petitioner made arguments, they were spurious and without merit. Lunsford v. Commissioner, 117 T.C. 183 (2001); Davis v. Commissioner, supra.

Accordingly, we hold that respondent has not abused his discretion in determining to proceed with collection as set forth in the February 5, 2001, Final Notice--Notice of Intent to Levy

and Notice of Your Right to a Hearing, sent to petitioner with respect to his tax liabilities.

Finally, respondent has moved for a penalty under section 6673 on the ground that petitioner's arguments are frivolous and that he instituted and maintained this proceeding merely for delay. Section 6673 provides that this Court may impose a penalty, not to exceed $25,000, where it is found that a taxpayer's position in the proceeding is frivolous and/or that the proceeding was instituted and maintained primarily for delay. Section 6673 penalties may be imposed in a lien and levy case. Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).

In addition to questioning the authenticity of respondent's documentation, petitioner has interposed protester arguments which have, on numerous occasions, been rejected by the courts. In order to support his arguments, petitioner has selectively picked phrases out of context from statutes and rulings. In so doing, petitioner chose to ignore more current or complete statements of the law. In that same vein, petitioner has chosen to ignore and/or not follow case precedent and interpretation of the statutory law. In that regard, petitioner has insinuated that he is subject only to legal precedent of the Supreme Court and that legal precedent of lower courts (such as the United States Tax Court) is binding only with respect to the particular taxpayer who was the subject of a specific case.

Under these circumstances we are convinced and hold that petitioner's position in this proceeding is frivolous and has been interposed primarily to protest the tax laws of this country and/or to delay collection activity by respondent. We note that petitioner was made aware on several occasions that his arguments were considered frivolous and without merit. Accordingly, we hold that petitioner is liable for a $2,000 penalty under section 6673(a)(1).

To reflect the foregoing,

An appropriate order and decision will be entered granting respondent's motion for summary judgment.