T.C. Memo. 2007-237

UNITED STATES TAX COURT

RICHARD FRANSEN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8682-06L.                    Filed August 20, 2007.

Richard Fransen, pro se.

<u>Marie E. Small</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Brooklyn, New York, at the time he filed the petition in this case.

Petitioner did not file a Federal income tax (tax) return for each of his taxable years 2000, 2001, and 2002.

On August 10, 2004, respondent issued to petitioner a notice of deficiency with respect to his taxable year 2002 (2002 notice), which he received. In that notice, respondent determined the following deficiencies in, and additions to, petitioner's tax:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $53,753 | $3,704.40 | $1,811.04 | $411.70 |

On September 14, 2004, respondent issued to petitioner a notice of deficiency with respect to his taxable years 2000 and 2001 (2000 and 2001 notice), which he received. In that notice, respondent determined the following deficiencies in, and additions to, petitioner's tax:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2000 | $43,959 | $4,631.17 | $4,837.00 | $967.34 |
| 2001 | 35,660 | 3,294.22 | 2,562.17 | 486.97 |

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner did not file a petition with the Court with respect to the 2002 notice or the 2000 and 2001 notice.[2]

On February 7, 2005, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for his taxable year 2002. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after February 7, 2005, as petitioner's unpaid liability for 2002.)

On February 7, 2005, respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's unpaid liability for 2002.

On February 21, 2005, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for each of his taxable years 2000 and 2001. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after February 21, 2005, as petitioner's unpaid liabilities for 2000 and 2001.)

On February 21, 2005, respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's unpaid liabilities for 2000 and 2001.

On September 20, 2005, respondent filed a notice of Federal

_____

[2]Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to petitioner's taxable year 2002 indicates that the 2002 notice was "closed" on Dec. 28, 2004. Form 4340 with respect to each of petitioner's taxable years 2000 and 2001 indicates that the 2000 and 2001 notice was "closed" on Feb. 1, 2005.

tax lien with respect to petitioner's taxable years 2000, 2001, and 2002. On September 27, 2005, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to those years.

On October 27, 2005, petitioner's authorized representative mailed to respondent Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In that form, petitioner's authorized representative indicated disagreement with the notice of tax lien[3] and stated:

> TAXPAYER HASN'T FILED HIS 1999-2004 INCOME TAX RETURNS. HE HAS ENGAGED OUR FIRM TO PREPARE SUCH INCOME TAX RETURNS AND OBTAIN FINANCING TO LIQUIDATE HIS IRS LIABILITIES AND REQUEST AN ABATEMENT OF PENALTIES AND INTEREST DUE TO HIS EMOTIONAL AND PHYSICAL STATE. AMENDED INCOME TAX RETURNS ARE REQUIRED. IT WILL TAKE APPROXIMATELY 60 DAYS TO PREPARE SUCH AMENDED INCOME

---

[3]In petitioner's Form 12153, petitioner's authorized representative indicated disagreement with not only the notice of tax lien that respondent issued to petitioner but also certain notices of intent to levy and your right to a hearing (notice of intent to levy) that respondent issued to petitioner. In this connection, Form 4340 with respect to petitioner's taxable year 2002 indicates that on Apr. 18, 2005, respondent issued a notice of intent to levy with respect to petitioner's taxable year 2002 and that on May 9, 2005, respondent issued a notice of intent to levy with respect to petitioner's taxable years 2000 and 2001. Petitioner's authorized representative did not mail petitioner's Form 12153 until Oct. 27, 2005, which was more than 30 days after the respective dates on which respondent issued those notices of intent to levy. As discussed below, the notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) addresses only the notice of tax lien and makes no determination with respect to the respective notices of intent to levy issued with respect to petitioner's taxable years 2000 and 2001 and 2002.

TAX RETURNS.  THEREFORE, A LIEN AND LEVY WILL INHIBIT THE TAXPAYER TO OBTAIN PROPER FINANCING. [Reproduced literally.]

On January 19, 2006, a settlement officer with the Appeals Office (settlement officer) sent a letter to petitioner with respect to petitioner's Form 12153.  In that letter, the settlement officer offered petitioner the opportunity to have a hearing on February 28, 2006.  On February 28, 2006, petitioner's authorized representative called the settlement officer and requested a two-week period within which to (1) submit a tax return for each of petitioner's taxable years 2000, 2001, and 2002 and (2) propose a collection alternative.  The settlement officer granted that request.  On March 28, 2006, the settlement officer called petitioner's authorized representative (March 28, 2006 call).  During the March 28, 2006 call, petitioner's authorized representative indicated that he had nothing to submit with respect to petitioner's taxable years 2000, 2001, and 2002 and requested that a notice of determination be issued with respect to those years.

On April 5, 2006, the Appeals Office issued to petitioner a notice of determination with respect to petitioner's taxable years 2000, 2001, and 2002.  That notice stated in pertinent part:

**<u>Summary of Determination</u>**

You did not offer any collection alternatives for Appeals consideration.  Collection is sustained.

An attachment to the notice of determination stated in pertinent

part:

**<u>Summary</u>**

You filed a request for a Collection Due Process (CDP)
hearing under Internal Revenue Code (IRC) § 6320 fol-
lowing receipt of a Letter 3172 Notice of Federal Tax
Lien Filing and Your Rights to a Hearing.  A copy of
the Notice of Federal Tax Lien (NFTL) and Letter 3172
were provided with the administrative file.  Accord-
ingly, the tax periods shown above [taxable years 2000,
2001, and 2002] were those on the NFTL sent for filing
on September 27, 2005.  Balances are still due as
verified by computer transcripts.  Your Form 12153
requesting a CDP hearing, was received on November 1,
2005.  This was timely submitted as it was mailed
within the 30-day period for requesting a CDP hearing.

I mailed you a letter on 1/19/2006 giving you the
opportunity for a hearing on 2/28/2006.  On 2/28/2006
your representative * * * contacted me and requested an
additional two weeks to prepare your delinquent returns
and submit a collection alternative.  [petitioner's
authorized representative] * * * was granted the addi-
tional time.  On 3/28/2006 I contacted him again for
the information.  He stated he had nothing to submit
and requested this determination be issued.

You have not filed an income tax return since 1989,
The IRS requested that you file returns for 2000, 2001
and 2002 and gave you an opportunity to appeal the
proposed assessments.  You did not do so, therefore the
underlying liability issue is precluded within Collec-
tion Due Process under IRC §6330.  There is no informa-
tion in the file that warrants the withdrawal of the
filed NFTL.  The filed NFTL is the appropriate action
in this case.

**<u>Brief Background</u>**

The CDP notice was for unpaid income tax liabilities
for your 2000, 2001 and 2002 Form 1040.  The returns
were prepared by the IRS when you failed to file them
yourself.  The IRS assessed tax as follows:

2000 $ 43,959.00  Withholding $ 23,226.00
2001 $ 35,660.00  Withholding $ 21,019.00
2002 $ 53,753.00  Withholding $ 37,289.00

You were also assessed late filing penalty on these years.  Interest and failure to pay penalty continue to accrue on the unpaid assessment.

Your lack of compliance is considered egregious.  You have not filed an income tax return since 1989.  You have made no estimated tax payments and have not had sufficient withholding to cover the tax.  You have not been in compliance with the filing and payment require-ments for 14 years, despite the fact that you have had considerable income and you were able to set aside more than $225,000 in pension and stocks and bonds in lieu of filing and paying your taxes.

You have not supplied financial information to help us resolve your account.  You have not presented any alternatives to the NFTL or future collection action, including possible seizure of your assets.

### Discussion and Analysis

### Verification of Legal and Procedural Requirements

The requirements of applicable law or administrative procedures have been met and the actions taken were appropriate under the circumstances.

* I verified through transcript analysis that assess-ment was made on the applicable CDP notice periods per IRC § 6201 and the notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303.

* Per transcript analysis, there was a balance due when the NFTL filing was requested.  This balance is still due.

* IRC § 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand for payment.  Transcripts of the account show that the IRS issued notice and demand for each of the tax periods involved and those periods remain unpaid.

\* Per review of computer transcripts, the CDP notice (Letter 3172) was sent by certified mail to your last known address, no later than 5 business days after the NFTL was recorded (IRC § 6320(a)).  This was also the address shown on your CDP hearing request.  The lien was filed on September 20, 2005 and the Letter 3172 was mailed on September 27, 2005, which is within 5 business days of the lien filing.

\* The collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.  Transaction Code 520, has been posted for each of the taxes and periods listed on the NFTL as the date the IRS received the CDP hearing request.

\* Per transcript analysis, a CP504 notice, warning of a possible filing of a NFTL, was issued for the tax periods subject to the hearing at least 31 days prior to the NFTL filing.  The notice was mailed on May 9, 2005.

\* There is no pending bankruptcy case, nor did you have a pending bankruptcy case at the time the CDP notice was sent (11 U.S.C. § 362(a)(6)).

> **!**    This Appeals employee has had no prior involvement with this taxpayer concerning the applicable tax periods before this CDP case.

### Issues Raised by the Taxpayer

### Challenges to the Existence or Amount of the Liability

You have challenged the existence or the amount of the liability on the returns prepared by the IRS under IRC §6020(b).  The underlying liability issue is precluded from this hearing.  Furthermore, you have not prepared and submitted your own returns which would allow the IRS to adjust your tax liabilities.

### Challenges to the Appropriateness of the Collection Action

You have not requested the NFTL be withdrawn.  However, I have considered whether any of the criteria for allowing withdrawal of the lien existed in your case.

IRC § 6323(j) allows the withdrawal of a filed notice of lien without full payment and without prejudice under the following conditions:

* The filing of the notice of lien was premature or otherwise not in accordance with administrative procedures of the Internal Revenue Service;
* The taxpayer had entered into an agreement under IRC § 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise;
* Withdrawal of the lien will facilitate collection of the tax liability; or
* Withdrawal of the lien would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.  Similar to the above provision, each set of circumstances should be analyzed to determine if this condition exists.

There is nothing in the Collection administrative file that indicates withdrawal of the filed lien should be considered and you have provided no additional information that indicates the withdrawal of the filed lien should be considered.

**Collection Alternatives Offered by the Taxpayer**

On your Form 12153 requesting the CDP hearing, you raised no other issues or offered an alternative to collection.  You failed to present me with the delinquent returns and financial information as I had requested, and your representative offered no collection alternatives at the hearing, other than to request an additional delay for an undetermined period of time.

**Other issues raised by the Taxpayer**

You raised no other issues.

### **Balancing of Need for Efficient Collection With Taxpayer Concern That the Collection Action Be No More Intrusive Than Necessary**

I balanced the competing interests when finding the filing of the NFTL is appropriate.  You did not offer any collection alternatives during the CDP hearing process.  As discussed above, the assessment(s) at issue are valid.

During the past 16 years you set aside funds for a pension and invested in stocks and bonds while knowingly failing to file and pay your income taxes, despite the fact that you had earned income from wages and self-employment income.  The fact that you filed returns up until 1989 indicates that you were aware of the filing and withholding requirements.  You invested your income during the past 16 years in lieu of filing and paying your taxes, which indicates your failure to file and pay your tax as willful and egregious.

Given your failure to propose any collection alternatives and your non-compliance with the tax laws, the Notice of Federal Tax Lien balances the need for efficient collection with your concern that the collection action be no more intrusive than necessary.

The notice of determination makes no determination with respect to the respective notices of intent to levy issued with respect to petitioner's taxable years 2000 and 2001 and 2002.

Petitioner filed a petition with respect to the notice of determination.  In that petition, petitioner alleged:

5.    The determination of the tax set forth in the said notice of deficiencies are based upon the following errors.

(a). The notices of deficiency did not take into account allowable cost bases for stock transactions.

(b). The notices of deficiency did not take into account certain allowable itemized deductions including real estate taxes and other deductible expenses.

6.    The facts upon which the Petitioner relies, as the bases of the Petitioner's case, are as follows:

(a). Petitioner's income should be reduced by his costs of securities sold and certain allowable itemized deductions.

(b). The taxpayer will file his 2000, 2001 and 2002 income tax returns with the Internal Revenue Service Hartford, Connecticut Office reflecting the correct information.

(c). The penalties should be abated due to reasonable causes as discussed in Form 12153, copy enclosed.

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

In the petition, petitioner alleged that the 2000 and 2001 notice and the 2002 notice are wrong and that the additions to tax for those years "should be abated".[4]

We first address petitioner's allegation in the petition that the Court should abate the respective additions to tax for his taxable years 2000, 2001, and 2002. Although not altogether clear, petitioner appears to be requesting the Court to review

---

[4]In the petition, petitioner refers to the respective notices of intent to levy that respondent issued with respect to petitioner's taxable years 2000 and 2001 and 2002. Petitioner's authorized representative did not file timely petitioner's Form 12153 with respect to those notices, see sec. 6330(a)(2) and (3)(B) and (b), and the notice of determination makes no determination with respect to those notices. We conclude that we do not have jurisdiction to consider petitioner's arguments with respect to the notices of intent to levy. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

under section 6404 respondent's failure to abate those additions to tax.  We hold that we do not have jurisdiction to do so.  See sec. 6404(h); see also Washington v. Commissioner, 120 T.C. 114, 124 n.15 (2003); Krugman v. Commissioner, 112 T.C. 230, 237 (1999).

We now address petitioner's allegation in the petition that the 2000 and 2001 notice and the 2002 notice are wrong.  A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Respondent issued to petitioner the 2000 and 2001 notice and the 2002 notice, which he received.  Petitioner did not file a petition with the Court with respect to either of those notices.  On the instant record, we find that petitioner may not challenge the existence or the amount of the underlying tax liability, including any additions to tax,[5] for each of his taxable years

_____

[5]Assuming arguendo that petitioner's allegation in the petition that the Court should abate the respective additions to tax for his taxable years 2000, 2001, and 2002 is not intended as a request by petitioner for the Court to review under sec. 6404 respondent's failure to abate those additions, but instead is a request to review de novo the propriety of those additions to tax, we shall not do so.  That is because the phrase "underlying tax liability" in sec. 6330(c)(2)(B) is "a reference to the amounts that the Commissioner assessed for a particular tax period."  Montgomery v. Commissioner, 122 T.C. 1, 7 (2004).  What the Court concluded in Montgomery applies in the instant case: "petitioners' underlying tax liability consists of the amount
(continued...)

2000, 2001, and 2002.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination regarding the notice of tax lien with respect to petitioner's taxable years 2000, 2001, and 2002.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.

_____

[5](...continued) that petitioners reported due on their tax return along with statutory interest and penalties."  Id. at 8.