[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11960
Non-Argument Calendar

_____

Agency No. 18252-07L

GREGORY D. VENCE,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(October 16, 2008)

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Gregory Vence, proceeding pro se, appeals the tax court's decision in favor of

the Commissioner of the Internal Revenue Service ("IRS") on the Commissioner's

motions for summary judgment seeking to sustain a Notice of Determination

upholding a proposed levy collection, pursuant to 26 U.S.C. § 6331, to impose penalty under 26 U.S.C. § 6673, and to permit levy, pursuant to 26 U.S.C. § 6330.[1] On appeal, Vence challenges the penalties imposed on him by the IRS and by the tax court, arguing that he was protected against any penalty resulting from failing to file a return because the 1040 form did not comply with the Paperwork Reduction Act ("PRA"), and therefore, he was not required to respond to it. After careful review, we affirm.

We review <u>de novo</u> the tax court's grant of summary judgment and apply the same legal standards as the tax court. <u>Baptiste v.Comm'r of Internal Revenue</u>, 29 F.3d 1533, 1537 (11th Cir. 1994). Summary judgment is proper "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Tax Ct. R. 121(b). We view the facts in the light most favorable to the nonmoving party. <u>Baptiste</u>, 29 F.3d at 1533. We review the tax court's imposition of a sanction for an

---

[1] Vence does not challenge on appeal the tax court's grant of the Commissioner's motion to permit levy, and therefore, that issue has been abandoned. See <u>Irwin v. Hawk</u>, 40 F.3d 347, 347 n.1 (11th Cir.1994) (noting that a <u>pro se</u> litigant abandons an issue by failing to challenge it on appeal).

abuse of discretion.  <u>Roberts v. Comm'r of Internal Revenue</u>, 329 F.3d 1224, 1229 (11th Cir. 2003).

The relevant facts are these.  After Vence failed to file a tax return for the year 2002, the IRS prepared a return for him, which created an outstanding balance, and the IRS mailed him a Notice of Deficiency.  Vence did not respond to the Notice or pay the tax deficiency, and instead, he filed a Request for a Collection Due Process ("CDP") hearing, requesting an abatement of all penalties and interest on the basis that Form 1040 violated the PRA, 44 U.S.C. § 3501, <u>et.</u> <u>seq.</u>  Vence did not take part in the CDP hearing that was scheduled and failed to provide the settlement officer with information that she had requested in order to make her determination.  As a result, based on the settlement officer's consideration of the case, the IRS sent Vence a Notice of Determination, which detailed certain penalties that the Commissioner had assessed, as well as the tax due, and the Commissioner proposed a levy. Subsequently, Vence filed the instant petition in the tax court, again arguing that the penalties, interest, and additions to his tax due should be abated because Form 1040 violated the PRA, and the Commissioner moved for summary judgment.

First, Vence has not shown that the tax court erred in granting summary judgment to the Commissioner on Vence's tax liability. The Secretary of the IRS "is authorized and required to make the . . . assessments of all taxes (including interest,

additional amounts, additions to the tax, and assessable penalties) imposed by this title." 26 U.S.C. § 6201(a). Within 60 days of making an assessment of a tax, the Secretary shall "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." 26 U.S.C. § 6303(a). Section 6321 provides that, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States." 26 U.S.C. § 6321. Additionally, the IRS may collect taxes by levy upon the taxpayer's property within ten days after the Secretary provides notice and demand for payment to the taxpayer. 26 U.S.C. § 6331(a). The taxpayer is then given notice of, and an opportunity for, administrative review of the levy in the form of a CDP hearing by the IRS Office of Appeals, and, if dissatisfied, provided judicial review of the administrative determination. 26 U.S.C. § 6330(a)-(d). If the taxpayer requests a CDP hearing, the collection by levy is suspended during the pendency of the hearing and any judicial review that is sought. 26 U.S.C. § 6330(e)(1).

During a CDP hearing, the taxpayer can raise "any relevant issue relating to the unpaid tax or the proposed levy," including spousal defenses, challenges to the appropriateness of collections actions, and offers of collection alternatives. 26 U.S.C. § 6330(c)(2)(A). The taxpayer also may raise a challenge to the existence or amount of the underlying tax liability, but only "if [he] did not receive any statutory notice

4

of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). The tax court has interpreted "underlying tax liability" as used in § 6330 to be "a reference to the amounts that the Commissioner assessed for a particular tax period," including any "statutory interest and penalties." Fransen v. Comm'r, 94 T.C.M. (CCH) 193 n.5 (2007) (quotations omitted).

As the record shows, Vence was given the opportunity to have a CDP hearing, but he did not raise any spousal defenses, challenges to the appropriateness of collections actions, or offers of collection alternatives. See 26 U.S.C. § 6330(c)(2)(A). Furthermore, Vence did not challenge the existence or amount of the underlying liability in his request for a CDP hearing or in his petition for review, and therefore, this argument properly was deemed conceded by the tax court. See Goza v. Comm'r, 114 T.C. 176, 183 (2000) (finding that a petition for review of an administrative determination filed pursuant to § 6330 shall contain clear and concise assignments of each and every error that the petitioner alleges to have been committed in the levy determination, and any issue not raised in the assignments of error shall be deemed to be conceded). Vence was also precluded from challenging in the tax court the existence or amount of the underlying tax liability, which included the interest and penalties assessed, because he was given notice of the deficiency and

5

did not dispute it with the IRS. See 26 U.S.C. § 6330(c)(2)(B); see also Fransen, 94 T.C.M. at 193 n.5. As the tax court properly noted, the record showed that the deficiency notice was sent by certified mail to the same address that Vence used in his proceedings, and there was no evidence that the notice was returned to the Commissioner, nor did Vence contend that he did not receive the notice. Accordingly, the tax court's grant of summary judgment was proper, as there were no genuine issues of material fact that Vence could dispute.

We likewise are unpersuaded that the tax court abused its discretion in imposing sanctions on Vence. The tax court may impose sanctions if it concludes that the taxpayer instituted or maintained proceedings for purposes of delay or based on a frivolous position. Roberts, 329 F.3d at 1229; 26 U.S.C. § 6673(a)(1)(A)-(B). The PRA was intended to limit the paperwork burden that federal agencies could impose on the public by requesting information, and it requires that certain types of agency-generated requests for information be controlled through the Office of Management and Budget ("OMB"). See 44 U.S.C. §§ 3501, 3507. The requirement to file a tax return, however, is mandated by Congress, pursuant to 26 U.S.C. § 6012(a), not by the IRS, and statutory obligations are not affected by the provisions of the PRA. See United States v. Neff, 954 F.2d 698, 699-700 (11th Cir. 1992) ("Congress did not enact the PRA's public protection provision to allow OMB to

6

abrogate any duty imposed by Congress," and therefore, the PRA did not provide the petitioner "refuge from his statutorily-imposed duty to file income tax returns.") (internal citations omitted).

Here, the tax court determined that Vence had maintained the proceedings primarily for delay, and the arguments that he asserted regarding the PRA were "frivolous and groundless." Despite Vence's contention that he was arguing for an extension of the law, thereby asserting a non-frivolous argument, the tax court found that Vence already had been fined under § 6673 in a previous case in which he asserted the same arguments that he made here, and he was on notice that these arguments were frivolous. Thus, Vence's position was clearly frivolous and provided a sufficient basis for the imposition of sanctions, and the tax court did not abuse its discretion in sanctioning Vence. See 26 U.S.C. § 6673(a)(1)(B). Accordingly, we affirm.

**AFFIRMED.**