Thomas W. ROBERTS, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 02–14128
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 13, 2003.

Thomas W. Roberts, Winter Park, FL, pro se.

Teresa E. McLaughlin, Randolph L. Hutter, John Schumann, Dept. of Justice, Washington, DC, for Respondent–Appellee.

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Thomas W. Roberts appeals the Tax Court's grant of partial summary judg-ment in favor of the Commissioner of In-ternal Revenue ("Commissioner") on his petition challenging a tax assessment. He also challenges the assessment of a $10,000.00 penalty for maintaining this ac-tion for delay. Because the Tax Court: (1) correctly determined that the appeals officer verified the existence of the assess-ment, and (2) did not abuse its discretion in imposing sanctions, we AFFIRM.

## I. BACKGROUND

Roberts reported a tax liability on his 1996 tax return, but did not pay the amount with his return. The Commission-er assessed the amount reported as due on the Roberts return. Roberts requested and received a Collection Due Process ("CDP") hearing. At the CDP hearing, the appeals officer determined that the collection action that was being taken was appropriate. R1–1 at 1, Ex. A at 4. Rob-erts thereafter filed a petition for lien and/or levy action pursuant to 26 U.S.C. §§ 6320(c) and/or 6330(d), seeking review of the appeals officer's determination, after a CDP hearing, that a collection of tax by levy was appropriate. R1–1 at 1. Roberts argued that the appeals officer failed to get proper verification: (1) of the existence of a valid assessment, i.e., Form 23C, Sum-mary Record of Assessment, (2) that all required notices were given, and (3) that the required procedures were followed pri-or to the Commissioner's issuing the 1058 letter ("Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hear-ing," R1–11, Ex. 1 at 3). R1–1 at 2–3. Roberts also asserted that the appeals offi-cer: (1) failed to furnish Roberts's re-quested documents prior to and during the CDP hearing, (2) improperly relied solely on Form 4340, a computer transcript that details the record of each assessment, R1–11 at 2, in making a determination in the Commissioner's favor, and (3) could not inquire of the assessment officer whether

he had performed his duties with regard to the assessment because he was not identified on the assessment certificate. R1–1 at 2–4. Roberts requested that his case be remanded to the Appeals Office so that, *inter alia,* a meaningful due process hearing could be conducted. *Id.* at 4–5.

The Commissioner answered, claiming, *inter alia,* that the appeals officer's determination was based on more than Form 4340, but that Form 4340 was sufficient verification that a valid assessment existed where there was no evidence to the contrary. R1–3 at 1–2. The Commissioner also contended that Form 4340, which bore the Form 23C date, was verification that Form 23C was signed. *Id.* at 2. The Commissioner argued that sanctions were appropriate in this case because Roberts maintained these proceedings to delay paying his taxes. *Id.* at 2–5. The Commissioner further asserted that Roberts's claims were frivolous because the Tax Court had previously determined, in a case litigated by Roberts as a representative, that his interpretation of the law was incorrect. *Id.* at 3. Roberts replied, *inter alia,* that sanctions were inappropriate because: (1) the facts of his case were different from his client's case, (2) an irregularity existed in his case, i.e., no valid assessment existed, and (3) until there was a decision from the appellate court on the issue, the decision in his client's case was not binding on his case. R1–6 at 1–2. Roberts attached a copy of a letter from the Commissioner, which stated, *inter alia,* that "[i]n [Roberts's] case however, there have been no assessments other than the processing of [his] tax return plus penalty and interest." *Id.* at attachment.

Roberts filed a motion for summary judgment and contended that no valid assessment existed. R1–9. Roberts claimed that: (1) the Commissioner did not provide him a copy of the record of assessment in his case, as required by 26 C.F.R. § 301.6203–1, *id.* at 2, (2) the Commissioner failed to claim that an assessment existed, *id.* at 2, (3) collection proceedings were not proper, where the assessment, Form 23C, did not exist, *id.* at 4, (4) physical proof of Form 23C, including the assessment officer's signature, was necessary to prove the form's existence, *id.* at 5, and (5) the Form 23C date recorded on Form 4340 may be fraudulent, *id.* at 7. Roberts attached, *inter alia,* (1) his request for Form 23C, (2) the Commissioner's response that in this case "there have been no assessments other than the processing of [Roberts's] tax return plus penalty and interest," and (3) an opinion in a bankruptcy case noting that Form 23C had been replaced with a computer generated report, and that the computer-generated assessments were recorded on the Certificate of Assessments. *Id.* at Exs. 1–3.

The Commissioner filed a cross motion for summary judgment and asserted that Roberts's summary judgment motion should be denied. R1–11. The Commissioner conceded that it did not provide Roberts with, nor did the appeals officer consider, Form 23C, but argued, however, that the appeals officer's reliance on Form 4340 was proper in the absence of any showing of irregularity in the assessment. *Id.* at 3–4. The Commissioner contended that Form 4340, as well as the letter to Roberts in response to his request for a copy of Form 23C, verified that an assessment had been made. *Id.* at 1–5. The Commissioner maintained that the court should impose sanctions against Roberts for instituting frivolous proceedings. *Id.* at 5–6. The Commissioner attached, *inter alia,* the appeals officer's determination letter in Roberts's case, which indicated that: (1) the Commissioner had complied with all applicable laws, policies, regulations, and procedures in collecting the taxes owed, (2) Roberts offered no proof that

the assessment document was "flawed," and (3) Form 4340 had been provided to Roberts along with the determination letter. *Id.*, Ex. 1 at 3–4.

Roberts responded to the Commissioner's motion and maintained that no assessment existed in his case and that this irregularity was sufficient to rebut the presumption that Form 4340 was valid. R1–14 at 3. Roberts reiterated the claims raised in his petition and motion for summary judgment and argued that he was denied due process. *Id.* at 1–11. The Commissioner responded to Roberts's motion and asserted that the relevant issue in the case was whether the appeals officer abused her discretion in denying Roberts's requested relief. R1–15 at 1–2. The Commissioner maintained that Form 4340 verified that an assessment existed. R1–15 at 2–3. The Commissioner filed a memorandum of authorities that summary judgment in its favor was appropriate because no genuine issue of material fact existed. R1–16.

The Tax Court denied Roberts's summary judgment motion and granted the Commissioner's. R1–19. The Tax Court determined, *inter alia,* that: (1) use of the computer-generated Revenue Accounting Control System Report 006 ("RACS 006") in making an assessment, instead of the manually prepared Form 23C, did not constitute an irregularity in the assessment procedure, (2) the Commissioner made a valid assessment, (3) it was not an abuse of discretion for the appeals officer to rely on Form 4340 to verify the assessment, and (4) Roberts's inability to examine Forms 23C and 4340, and to cross-examine witnesses, did not constitute an abuse of discretion. *Id.* at 11–13. The Tax Court imposed a penalty of $10,000 on Roberts pursuant to 26 U.S.C. § 6673(a)(1) and found that he had maintained the action primarily for delay because he had raised identical arguments as a representative for taxpayers in two prior petitions. *Id.* at 14.

## II. DISCUSSION

We review *de novo* the Tax Court's grant of summary judgment and review the facts and apply the same legal standards as the Tax Court. *Baptiste v. C.I.R.*, 29 F.3d 1533, 1537 (11th Cir.1994). Summary judgment is proper if the pleadings, answers to interrogatories, depositions, admissions, and other relevant materials, including affidavits, establish that " 'there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.' " *Id.* (quoting Tax Ct.R. 121(b)). In deciding whether to grant summary judgment, the court examines the facts in the light most favorable to the nonmoving party. *Id.* The Tax Court's rulings on interpretation and application of statutes are conclusions of law that this Court reviews *de novo. Feldman v. C.I.R.*, 20 F.3d 1128, 1132 (11th Cir. 1994).

Section 6321 of Title 26 of the United States Code provides that, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States." Similarly, if a person neglects or refuses to pay such tax within ten days after notice and demand for payment, the Secretary may collect such tax by levy upon property belonging to the taxpayer. 26 U.S.C. § 6331(a). The Commissioner cannot collect taxes by way of a levy on a taxpayer's property, however, until the taxpayer is given notice of, and an opportunity for, an administrative review of the matter, such as in the form of a CDP hearing, and, if dissatisfied, provided judicial review of the administrative determination. 26 U.S.C. § 6330(a)-(d); *see also Goza v. C.I.R.*, 114 T.C. 176, 179–80, 2000 WL 283864 (T.C.2000). The Internal Rev-

enue Code provides that "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1). Section 6330(c)(2) prescribes the matters that may be raised by a taxpayer at the CDP hearing. The taxpayer may raise any relevant issues at the hearing that "relat[e] to the unpaid tax or the proposed levy, including ... challenges to the appropriateness of collection actions." 26 U.S.C. § 6330(c)(2)(A)(ii). "The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." 26 U.S.C. § 6203. Pursuant to this statute, the Secretary promulgated 26 C.F.R. § 301.6203-1, which provides:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment.... If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

 Form 4340 presented by the Commissioner in support of its assessment here meets the requirements of § 6330 and § 301.6203-1. Courts have concluded "that Form 4340 provides at least presumptive evidence that a tax has been validly assessed." *See Davis v. C.I.R.*, 115 T.C. 35, 40, 2000 WL 1048515 (T.C.2000); *see also Lunsford v. C.I.R.*, 117 T.C. 183,

187, 2001 WL 1521580 (T.C.2001). In *Davis*, the Tax Court held that, absent a showing by the taxpayer of an irregularity in the Commissioner's assessment procedure, it was not an abuse of discretion for the appeals officer to have relied on Form 4340 for purposes of complying with 26 U.S.C. § 6330(c)(1). 115 T.C. at 41; *see also Nestor v. C.I.R.*, 118 T.C. 162, 166, 2002 WL 236682 (T.C.2002) (not abuse of discretion for appeals officer to use Form 4340 for purposes of complying with § 6330(c)(1)). Roberts has not shown that an irregularity existed in the Commissioner's assessment procedure. The Commissioner appears to have replaced Form 23C with RACS 006 for assessments taking place after 30 September 1984. *See Leier v. Dep't of Treasury/IRS*, 73 A.F.T.R.2d 94-533, at 2, 1993 WL 597116 (M.D.Fla. 1993). IRM Section 3.17.63.21.6, entitled "Summary Record of Assessments (RACS Report 006)," generally outlines the procedure for producing a Summary Record of Assessments, RACS 006, and specifically requires that the document be signed by the assessment officer on the date of the assessment. IRM § 3.17.63.21.6(2)(b) (2002). The IRM further provides that when the computer system that produces the RACS 006 is unavailable, Form 23C should be prepared manually. IRM § 3.17.63.21.6(4). Next, contrary to Roberts's assertion, "[s]ection 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met." *Nestor*, 118 T.C. at 166. Moreover, a petitioner is not prejudiced by having received copies of the records of assessment only after the CDP hearing, where the petitioner received a copy of the Forms 4340 prior to the hearing. *Id.* at 167. Finally, proceedings before the appeals officer are informal. Testimony under oath is not taken and attendance or examination of witnesses is not compelled. *Davis*, 115

T.C. at 41–42. Consequently, his due process argument is without merit.

■ We review the Tax Court's imposition of sanctions for an abuse of discretion. *Webb v. C.I.R.*, 872 F.2d 380, 381 (11th Cir.1989) (per curiam). The Tax Court may impose sanctions on a taxpayer, if he institutes or maintains proceedings primarily for delay or his position is frivolous or groundless. 26 U.S.C. § 6673(a)(1)(A)-(B).

■ The Tax Court did not abuse its discretion in imposing a $10,000 sanction. The record supports the Tax Court's conclusion that Roberts had instituted proceedings primarily for delay. First, the law was settled prior to these proceedings that: (1) the appeals officer could properly rely on Form 4340 as evidence of the assessment, and (2) a petitioner does not have a right to examine documents and cross-examine witnesses at a CDP hearing. *Nestor*, 118 T.C. at 167; *Davis*, 115 T.C. at 40–41. Second, Roberts's representation of at least one client—the petitioner in that case—on a similar issue put him on notice that his claims were frivolous. This case is not distinguishable from those cases in which Roberts appeared before the Tax Court in a representative capacity because an assessment did exist in this case. The Commissioner's letter, to which Roberts signals the Court's attention, indicates that an assessment was performed. *See* R1–6 at attachment (stating that "there have been no assessments other than the processing of [Roberts's] tax return plus penalty and interest"). Based on the foregoing discussion, Form 4340 provided at least presumptive evidence that a valid assessment of tax was performed. Therefore, this argument also is without merit. Accordingly, we AFFIRM.