TIMOTHY J. LINDBLOOM, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lindbloom v. Comm'r
Docket No. 4136-00
United States Tax Court
2003 U.S. Tax Ct. LEXIS 45; May 16, 2003, Decided
*45 Mary Ann Cohen, Judge.
Mary Ann Cohen
ORDER OF DISMISSAL AND DECISION
The petition in this case was filed April 13, 2000, and set forth petitioner's disagreement with respondent's determination of a deficiency of $135,744 in petitioner's Federal income taxes for 1994 and additions to tax under I.R.C. sections 6651(a)(1) and 6662(a). The petition implied frivolous arguments concerning the taxability of petitioner's income-producing activities. The frivolity of his arguments was not fully apparent from the file until he failed to respond to Respondent's Request for Admissions served November 29, 2000. Attached to the request for admissions are copies of petitioner's late-filed Form 1040, U.S. Individual Income Tax Return, for 1994 and a frivolous document dated April 4, 2000. Although the petition claimed that respondent had not allowed certain deductions and expenses, the petition failed to identify the amounts claimed or the nature of the deductions or expenses claimed.
The case was set for trial in Portland, Oregon, on February 12, 2001, but was continued after the Court held a conference telephone call with the parties. The trial judge for the 2001 calendar retained jurisdiction and *46 conducted subsequent conference telephone calls with the parties concerning their progress in the case. By notice served October 11, 2002, the case was set for trial in Portland, Oregon, on March 17, 2003.
The case was called from the calendar in Portland, Oregon, on March 17, 2003. Petitioner belatedly appeared. Petitioner had not complied with the Court's Standing Pre-Trial Order served with the notice of trial. Instead, he presented to the Court a document referring to a frivolous argument concerning the form of an assessment. See Roberts v. Commissioner, 118 T.C. 365, 370-373 (2002), affd.329 F.3d 1224 (11th Cir. Mar. 13, 2003). The Court explained that no assessment would be made until the within case was closed. The case was set for recall later on March 17, 2003. Petitioner did not appear. Respondent filed a Motion to Dismiss for Failure to Properly Prosecute and for Imposition of Sanctions Pursuant to I.R.C. Sec. 6673. In that motion, respondent recounted various occurrences within the case and attached exhibits showing petitioner's delays, petitioner's frivolous arguments, a warning to petitioner concerning section 6673, petitioner's failure to stipulate as required by the *47 Court's Standing Pre-Trial Order and the Court's Rules, and respondent's concession of certain deductible expenses. The Court directed respondent to supplement the motion to dismiss with computations showing the effect of respondent's concessions. Respondent's supplement was filed April 21, 2003, and petitioner was ordered to file a response on or before May 5, 2003. Petitioner has failed to respond to the motion to dismiss or otherwise comply with the Court's Order. Upon due consideration and for cause, it is hereby
ORDERED: That Respondent's Motion to Dismiss for Failure to Properly Prosecute and for Imposition of Sanctions Pursuant to I.R.C. Sec. 6673 filed March 17, 2003, as supplemented on April 21, 2003, is granted, and the within case is dismissed by reason of petitioner's failure to comply with the Court's Orders and Rules and failure otherwise properly to prosecute. It is further
ORDERED and DECIDED: That there is a deficiency in income tax and additions to tax due from petitioner as follows:
Addition to Tax, I.R.C.
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6662(a)
1994
$45,443
$11,360.75
$9,088.60
It is further
ORDERED and DECIDED: That petitioner shall pay to the United States a penalty under *48 I.R.C. section 6673 in the amount of $15,000.
/s/ Mary Ann Cohen
Mary Ann Cohen
Judge
Entered: MAY 16 2003