[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16156
Non-Argument Calendar
_____

U.S. Tax Court No. 16390-05L

JERRE MARVINE WOOD,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(July 11, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jerre Marvine Wood appeals from the U.S. Tax Court's order granting the Commissioner of Internal Revenue's motions for summary judgment and to impose a $1,000 sanction pursuant to 26 U.S.C. § 6673(a)(1) in her action challenging the collection of her 2002 income taxes. Wood acknowledges that her "challenge, from the beginning, rests entirely olong-settled [sic] U.S. Supreme Court rulings regarding the origin, nature, and limitations of the federal income taxation scheme that have yet to be reversed . . . ." She disputes the tax court's jurisdiction on the ground she was not a federal taxpayer for the 2002 tax year. Wood argues the tax court erred by allowing the proceeding to continue without "proving the jurisdictional prerequisite facts" by addressing her constitutional argument "issue-by-issue." Wood's argument, essentially, is that the only income that constitutionally is subject to taxation is "gain[] and profits in consequence of doing business as a corporation . . . ." Wood argues the Commissioner failed to establish a nexus between the "settled constitutional facts," namely her constitutional argument discussed above, and her income for the 2002 tax year. Accordingly, she argues that she was not subject to any provision of the income tax code.

During a collection due process hearing, a taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy." 26 U.S.C. § 6330(c)(2)(A). A taxpayer, however, may not challenge the amount or existence of the underlying

2

tax liability unless she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). With regard to sanctions, "[t]he Tax Court may impose sanctions on a taxpayer, if he institutes or maintains proceedings primarily for delay or his position is frivolous or groundless." *Roberts v. C.I.R.*, 329 F.3d 1224, 1229 (11th Cir. 2003) (citing 26 U.S.C. § 6673(a)(1)(A)-(B)). In *Roberts*, we affirmed sanctions where the taxpayer was "on notice that his claims were frivolous." *Id.* 26 U.S.C. § 6673(a)(1)(C) permits the tax court to impose sanctions in any amount up to $25,000.

The tax court did not err in granting the Commissioner's motion for summary judgment and did not abuse its discretion in imposing sanctions on Wood because: (1) the tax court had jurisdiction; (2) Wood was precluded from challenging the underlying tax liability; and (3) Wood was on notice that her claim the tax code only applies to corporations was patently frivolous. *See Roberts*, 329 F.3d at 1227, 1229 (11th Cir. 2003) (stating we review *de novo* the tax court's decision to grant summary judgment and review its imposition of sanctions for an abuse of discretion).

**AFFIRMED.**

3