[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2008
THOMAS K. KAHN
CLERK

No. 07-16008
Non-Argument Calendar

_____

U.S. Tax Court No. 4133-007L

GARY L. SANFORD,

Petitioner,

versus

COMMISSIONER OF I RS,

Respondent.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(June 26, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Gary Sanford appeals the summary judgment ruling of the United

States Tax Court in favor of the Commissioner of Internal Revenue ("IRS") and

the imposition of a penalty for instituting and maintaining proceedings primarily to delay payment of taxes. For the reasons stated below, we affirm the rulings of the Tax Court.

## BACKGROUND

Sanford failed to file a federal income tax return or pay taxes for the 2002 taxable year.[1] On October 5, 2004, the IRS prepared a substitute return and sent Sanford a Notice of Deficiency informing Sanford that he owed $4,177.00 in unpaid taxes, plus interest and penalties. Sanford did not respond to the Notice of Deficiency nor did he pay his taxes.

On March 11, 2006, the IRS issued Sanford a Notice of Intent to Levy and Notice of Right to a Hearing. Sanford responded with a request for a Collection Due Process Hearing. Sanford argued that he had never given his consent for a substitute return to be prepared and that the IRS' authority to execute a tax return does not extend to individual tax returns. Additionally, Sanford stated that the IRS had no evidence that a Notice of Deficiency had been sent to him.

On August 4, 2006, the IRS notified Sanford that a Collection Due Process Hearing by telephone was scheduled for September 12, 2006. The notification letter provided a phone number for Sanford to call at 9:00 am on that day for the

[1] The record also shows that Sanford failed to file tax returns or pay taxes for the 1998, 1999, 2000, 2001, 2004, and 2005 taxable years. His tax liability for 2002, however, is the only issue before us in this appeal.

2

hearing. The letter informed Sanford that he would be unable to challenge the amount or existence of the tax liability because he had failed to respond to the Notice of Deficiency sent in October 2004, and the time had passed to do so. The letter also requested that Sanford file tax returns for 2004 and 2005, as failing to be current on those returns would mean that they would be unable to discuss collection alternatives at the hearing. The IRS letter also informed Sanford that if he wished to change the date of the hearing, he would need to contact the named IRS Settlement Officer within 14 days of the date of the IRS letter.

Sanford responded with a letter dated September 5, 2006 requesting a face-to-face hearing in Jacksonville, Florida, rather than the scheduled telephone hearing. Sanford did not identify specific issues that he would like to discuss, but instead reiterated the list of topics that may be raised at a Collection Due Process Hearing under the statute, I.R.C. § 6330. Sanford did not call in for his hearing on September 12.

Because Sanford missed the telephone hearing and did not request a change in date or a face-to-face hearing within 14 days of the August 4 letter, the IRS sent Sanford a "last chance letter" on September 19, 2006. The letter requested that Sanford state his non-frivolous reasons for a face-to-face hearing. The letter warned Sanford that he could be subject to sanctions if he instituted court proceedings to petition for review of the notice of determination primarily for

3

delay or raised only frivolous or groundless arguments.

Sanford responded in a letter dated October 2, 2006 raising three issues: "(1) Procedural Errors[,] (2) Collection Alternatives, OIC, payment schedules, CNC, etc.[,] (3) Proof that [he] received a [Notice of Deficiency]." Sanford did not provide any additional details as to what procedural errors he believed had occurred or any specifics on the other two issues. Sanford again requested a face-to-face hearing, this time in Daytona Beach, Florida. Sanford also demanded 60-days advance notice of any hearing.

In December, the IRS issued a letter to Sanford informing him that the issues he raised in his October letter were frivolous. The letter also stated, as had previous communications, that the IRS had issued the Notice of Deficiency in October 2004 and sent it to his home address of record which was the same address Sanford had used from 1996 through the current date. On January 23, 2007, the IRS issued a Notice of Determination that the levy action was appropriate. Sanford then petitioned the Tax Court for re-determination of the Notice of Determination.

Sanford concedes that his original petition contained "very little of the specifics and particulars of his case." He tried, however, to file a supplemental petition, but the Tax Court denied his motion to do so. The supplemental petition still did not specify any arguments or errors in the IRS' Notice of Deficiency. The supplement merely reiterated that Sanford felt he was entitled to a face-to-face

4

hearing and that, if granted such a hearing, he would raise non-frivolous issues at that time; the supplement did not, however, discuss specifically any issues, frivolous or otherwise, that he would raise. The Tax Court stated that the amended petition "advanced nothing of substance in the case and only further evidenced Petitioner's attempt to delay the ultimate resolution of this case."

On October 18, 2007, the Tax Court granted summary judgment for the Commissioner of Internal Revenue. The court concluded that the Commissioner could proceed with collection of Sanford's 2002 tax liability in accordance with the Notice of Determination. The Tax Court also imposed a $2,500 penalty upon Sanford under the provisions of I.R.C. § 6673(a). Sanford filed this timely appeal.

**STANDARD OF REVIEW**

We review <u>de novo</u> the Tax Court's grant of summary judgment and apply the same legal standards as the Tax Court. <u>Baptiste v. C.I.R.</u>, 29 F.3d 1533, 1537 (11th Cir. 1994). Summary judgment is proper "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Tax Ct. R. 121(b). We view the facts in the light most favorable to the nonmoving party. <u>Baptiste</u>, 29 F.3d at 1533.

We review the Tax Court's imposition of sanctions for abuse of discretion.

5

Roberts v. C.I.R., 329 F.3d 1224, 1227 (11th Cir. 2003).

## DISCUSSION

*Was Appellant Entitled to a Face-to-Face Hearing?*

Sanford argues that the IRS' refusal to provide him with a face-to-face hearing instead of the telephone hearing violated his due process rights. He argues that, after his September 5, 2006 letter (wherein he offered to withdraw all previously offered frivolous arguments), he raised non-frivolous arguments and so was entitled to a face-to-face hearing.

The statute provides that if a "person requests a hearing in writing . . . and states the grounds for the requested hearing, such hearing shall be held by the Internal Revenue Service Office of Appeals." I.R.C. § 6330(b)(1). The statute does not specify that the hearing will take place in person, or that a taxpayer is guaranteed a right to a face-to-face hearing. Nor has Sanford stated any reasons why a telephone conference would have been insufficient to explore any objections to the proposed levy. Other courts to address this issue have similarly found that a face-to-face hearing is unnecessary. See e.g., O'Meara v. Waters, 464 F.Supp.2d 474, 479-480 (D. Md. 2006). Additionally, the applicable regulations specifically state that these hearings are "informal in nature and do not require . . . a face-to-face meeting. A CDP hearing may, but is not required to, consist of a face-to-face hearing." 26 C.F.R. § 301.6330-1(d)(2)Q & A-D6 (2006). We

therefore conclude that Sanford's due process rights were not violated when the IRS offered him a telephone hearing only, rather than a face-to-face hearing.

*Was the Tax Court's summary judgment order defective?*

Sanford argues that the Tax Court's summary judgment order was defective for failing to include detailed conclusions of law and facts. Sanford also disputes the Tax Court's conclusion that he raised only frivolous arguments.

Although Sanford vaguely refers to "three other similar decisions" which he feels establish that the Tax Court's decision was unlawful, Sanford does not provide the names or citations of these decisions. Sanford also fails to provide any authority for his position that the Tax Court must include detailed conclusions of law and facts. In our opinion, the Tax Court's order was sufficiently clear and complete. The court clearly stated that Sanford had raised only frivolous arguments challenging the Commissioner's authority to assess and collect the tax he owed. The record supports this conclusion.

The statute provides that at a Collection Due Process Hearing the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including (i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives." I.R.C. § 6330(c)(2)(A). Additionally, the taxpayer may challenge the existence or amount of the underlying tax liability, but *only* if the taxpayer did not receive a

7

Notice of Deficiency. I.R.C. § 6330(c)(2)(B). Sanford never adequately raised any of these issues, nor any other non-frivolous, non-groundless error that would establish his entitlement to a hearing.

Sanford repeatedly demanded proof from the IRS that it had sent a Notice of Deficiency, but in his many letters, pleadings to the Tax Court, or his briefs to this court, Sanford never alleged that he had not received the notice. Nowhere does the statute state that the IRS must produce proof that a Notice of Deficiency was sent. Because he never argued that he did not receive the Notice of Deficiency, Sanford could not have challenged the existence or amount of the tax liability. I.R.C. § 6330(c)(2)(B). In his October 2006 letter, Sanford stated that he would raise "procedural errors" but never specified what these errors were. Under the statute, the taxpayer must state the grounds for the requested hearing. I.R.C. § 6330(b)(1). Thus, the alleged "procedural errors" did not constitute a non-frivolous issue entitling Sanford to a face-to-face hearing. In the same letter, Sanford briefly mentioned that he would discuss collection alternatives. The IRS has already informed him that it would not discuss collection alternatives unless he filed his tax returns for the 2004 and 2005 taxable years. Sanford does not dispute that he failed to do so. Sanford never suggested that he would raise spousal defenses or that a collection action would be inappropriate. Thus, Sanford raised no relevant non-frivolous issues. See I.R.C. § 6330(c)(4)(ii)(B) (stating that an issue may not

be raised at a Collection Due Process Hearing if it is based on a frivolous position or reflects a desire to delay or impede the administration of Federal tax laws).

Sanford has failed to identify arguments that are non-frivolous. Instead, he has only vaguely asserted that he would have raised non-frivolous arguments had he been granted a face-to-face hearing. Because he has not identified any legitimate arguments relating to the Notice of Determination, we affirm the Tax Court's summary judgment order.

*Should the Tax Court Have Granted Sanford's Motion to Supplement His Petition?*

We agree with the Tax Court that Sanford's supplement petition raised no new arguments and that allowing the petition to be filed therefore would have been futile. His supplemental petition did discuss specific facts, but failed to raise any new arguments challenging the Notice of Determination. Sanford merely reasserted that he had been unfairly denied a face-to-face hearing. As discussed above, Sanford was not entitled to a face-to-face hearing. It was not, therefore, error for the Tax Court to deny Sanford's motion to supplement his petition.

*Was the Imposed Sanction Appropriate?*

Sanford argues only briefly that the sanction was inappropriate because the Tax Court issued a penalty "without any explanation whatsoever."

The Tax Court stated that it imposed a $2,500 penalty "under the provisions of section 6673(a). Section 6673(a) states that the Tax Court may impose

9

sanctions on a taxpayer, if he institutes or maintains proceedings primarily for delay or if his position is frivolous or groundless. 26 U.S.C. § 6673(a)(1)(A)-(B); see also Roberts, 329 F.3d at 1229.

As discussed above, we agree that Sanford's positions were frivolous and groundless. Furthermore, a number of positions taken by Sanford suggest that his actions were motivated primarily to avoid or delay his tax liability. In his correspondence with the IRS, he demanded significant amounts of notice before he would accept a scheduled hearing. Sanford never stated his precise complaints or arguments against the Notice of Determination. Sanford demanded proof that the IRS had sent a Notice of Deficiency, but never alleged that he had not received it. Sanford did not call the IRS Settlement Officer at the appointed time on September 12, 2006—not even to discuss his demand for a face-to-face hearing. His actions thus seem to consist more of delay tactics than attempts to raise actual issues. The Tax Court, therefore, did not abuse its discretion by imposing sanctions.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the Tax Court.