[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16727
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01223-CV-CC-1

DAVID G. TURNER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 8, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

David Turner appeals pro se the judgment against his complaint that

challenged the levy of penalties against him by the Internal Revenue Service. We affirm.

## I. BACKGROUND

Between 1999 and 2003, Turner filed tax returns that reported zero taxable income. Between 2000 and 2004, the Revenue Service determined that the returns were frivolous and assessed Turner a $500 penalty for each return. 26 U.S.C. § 6702. Turner did not pay the penalties.

In January 2001, the Revenue Service notified Turner that it intended to levy for the penalty assessed for 1999. The notice did not inform Turner of his right to a hearing. In 2004, the Revenue Service notified Turner that it intended to levy the civil penalties that had been imposed from 1999 through 2002 and that Turner had a right to a hearing.

Turner promptly requested a face-to-face hearing regarding all four tax levies. In his letter, Turner asked the Revenue Service for unspecified "collection alternatives"; complained of "procedural defects" by the Revenue Service; and demanded the Revenue Service produce copies of Form 17-A and Form 23-C and "proof of verification from the Secretary that all applicable law and administrative procedures have been met pursuant to IRC § 6330." Turner later mailed a second letter repeating his demand that the Revenue Service produce documents to prove

2

his "underlying liability." The Revenue Service requested that Turner file his 2003 income tax return and notified Turner that his request for a hearing had been forwarded to the Appeals Office in Atlanta, Georgia.

In mid-February of 2005, Settlement Officer Janet Green notified Turner that he would not be considered for collection alternatives unless he filed within fifteen days both a tax return for 2003 and a collection information statement. Turner did not comply with the request. After the deadline passed, Appeals Officer Debra Daigle notified Turner that he would not receive a face-to-face hearing unless he provided written notice within fifteen days that he was "prepared to discuss issues relevant to paying [his] tax liability[,] . . . such as an installment agreement or offer in compromise[,]" and the officer scheduled a hearing by telephone for March 16, 2005. Officer Daigle also stated that the Appeals Office would not consider any collection alternatives until Turner filed a tax return for 2003. Turner responded that he was being saddled "with all kinds of preconditions" and demanded that the Revenue Service cite authority that required him to file a tax return to obtain a hearing.

On March 16, 2005, Officer Daigle attempted without success to contact Turner by telephone. Officer Daigle notified Turner that he missed the telephonic hearing and repeated her request that Turner submit by March 30, 2005, a tax

3

return for 2003, a collection information statement, and "additional facts, information, arguments or legal authority to support [his] position" or she would assume that Turner did not want a hearing and proceed to resolve his appeal. Instead of providing the information requested by Officer Daigle, Turner repeated his demand for documents related to the levies. Turner stated that he "never . . . agreed to a phone conference in lieu of a face-to-face hearing as the law allows," but did not explain why he did not participate in the telephonic hearing.

The Appeals Office sustained the proposed levies and issued a notice of determination for tax years 2000 through 2002 and a decision letter for tax year 1999. Both the determination and decision found that the Revenue Service had satisfied "all requirements of applicable law or administrative procedure for the proposed levy action" and that Turner had failed to provide any "non-frivolous argument" or information "that could be used to determine whether a less intrusive collection alternative [was] more appropriate than the proposed levy." The determination and decision noted that Turner had failed to file a tax return for 2003 or provide alternatives for collection and concluded that "the levy balance[d] the need for efficient collection of taxes with [Turner]'s concern that the collection method be no more intrusive than necessary." The decision letter stated that Turner "received a hearing equivalent to a due process hearing except that there

[was] no right to dispute" the penalty imposed for 1999 because he failed timely to request a hearing.

Turner filed a complaint against the Commissioner of the Revenue Service that challenged the decision to sustain the proposed levies. Turner argued that the Commissioner violated his "right to Due Process" in reaching its decision. Turner alleged that he was entitled to copies of documents related to the levies; he was entitled to a face-to-face hearing to confront his "accusers" to "verify that the named IRS personnel are who they say they are and have the statutory or delegated authority" to impose the levy; and the Revenue Service could not condition his right to a hearing on the filing of a tax return for 2003.

The government moved for summary judgment on two grounds. First, the government argued that the district court lacked jurisdiction to consider Turner's challenge to the assessment for 1999 because he failed timely to request a hearing. 26 U.S.C. § 6330(d)(1). Second, the government argued that it complied with administrative procedures regarding Turner's request for a hearing regarding the penalties assessed for 2000 through 2002 and Turner failed to make himself available for the telephonic hearing. The government argued that it was not required to consider alternative means of collection because Turner raised frivolous challenges to the levies, refused to file a tax return for 2003, and failed to file a

5

collection information statement.

The district court partially dismissed and partially granted summary judgment in favor of the Revenue Service. The district court ruled that it lacked subject-matter jurisdiction to consider Turner's challenge to the levy for tax year 1999 because Turner failed timely to request a hearing. The district court ruled that the Revenue Service did not abuse its discretion by sustaining the levies against Turner. The court ruled that the Revenue Service complied with the administrative requirements before it sought a levy for tax years 2000 through 2002 and concluded that Turner was not entitled to a face-to-face hearing, particularly when he failed to comply with requests by the Revenue Service for financial documents. The court also mentioned that, although Turner sought documents to support the claim of the Revenue Service for the assessments, Turner "never stated that he had not received these documents previously."

## II. STANDARDS OF REVIEW

We review a summary judgment de novo and view all evidence in the light most favorable to the non-moving party. Roberts v. Comm'r of Internal Revenue, 329 F.3d 1224, 1227 (11th Cir. 2003).

## III. DISCUSSION

The Revenue Service cannot collect penalties by levy unless a taxpayer is

notified in writing of his right to a hearing. See 26 U.S.C. § 6330(a)(1). In the course of the hearing, an appeals officer must "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Id. § 6330(c)(1). During the hearing, the taxpayer may raise "any relevant issue relating to . . . the proposed levy," such as "challenges to the appropriateness of collection actions" or "offers of collection alternatives[,]" 26 U.S.C. § 6330(c)(2)(A), and is "expected to provide all relevant information requested[,]" to enable the appeals officer to consider "the facts and issues involved in the hearing." 26 C.F.R. § 301.6330-1(e)(1).

The Revenue Service afforded Turner sufficient process. The appeals officer was entitled to rely on Form 4340 to verify that the Revenue Service had complied with its administrative procedure when assessing Turner the penalties for years 1999 through 2002. Turner was not entitled to further proof of compliance in the absence of evidence of some irregularity in that assessment. Roberts, 329 F.3d at 1228. Turner also was not entitled to a face-to-face meeting regarding the levies. A collection hearing "may, but is not required to, consist of a face-to-face meeting," 26 C.F.R. § 301.6330-1(d)(2)A-D6, but "will not be granted if the request for a hearing or other . . . communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability." Id. §

7

301.6330-1(d)(2)A-D8.  Other than his allegation that the Revenue Service had committed  unspecified "procedural defects," Turner failed to produce any "relevant, non-frivolous reasons for disagreement with the proposed levy" that would entitle him to such a meeting.  26 C.F.R. § 301.6330-1(d)(2)A-D7.  The appeals officer acted within her discretion by offering Turner a hearing by telephone, but he declined to participate.

Although the district court erred when it determined that it lacked jurisdiction over Turner's complaint regarding the 1999 levy, that error was harmless.  The government concedes that Turner did not receive notice of his right to a hearing regarding his 1999 penalty assessment, but the appeals officer nevertheless reviewed the procedure afforded to Turner for all relevant tax years.  Turner's challenge to the adequacy of that process is without merit.

## IV. CONCLUSION

The judgment in favor of the Revenue Service is **AFFIRMED**.