[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13446
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2011
JOHN LEY
CLERK

Agency No. 21635-08L

TAYRA DE LA CARIDAD ANTOLICK,

Petitioner,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(April 11, 2011)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Tayra de la Caridad Antolick pro se petitions for review of the U.S. Tax Court's denial of her motion to dismiss, grant of penalties under 26 U.S.C. § 6673, and grant of summary judgment in favor of the Commissioner of the Internal Revenue Service ("Commissioner") on her petition for redetermination of deficiency. On appeal, Antolick argues that: (1) the Tax Court erred in granting the Commissioner's motion for summary judgment because there was still a dispute over whether she had paid her liability for the 1999 tax year; (2) the Tax Court should have granted her motion to dismiss after she paid her tax liability shortly before a court hearing on the Commissioner's motions for summary judgment and for penalties because her payment rendered the case moot; and (3) the Tax Court abused its discretion by granting the Commissioner's motion for penalties under 26 U.S.C. § 6673(a)(1)(A) and (B) because she did not file her petition for purposes of delay and her arguments were not frivolous. After careful review, we deny the petition.

"We review the Tax Court's factual findings for clear error and its legal conclusions de novo." Creel v. Commissioner, 419 F.3d 1135, 1139 (11th Cir. 2005). We review de novo the Tax Court's grant of summary judgment. Roberts v. Commissioner, 329 F.3d 1224, 1227 (11th Cir. 2003). Summary judgment is proper if the evidence before the court establishes that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Id. (quotation

2

omitted). "In deciding whether to grant summary judgment, the court examines the facts in the light most favorable to the nonmoving party." Id. We review the Tax Court's imposition of penalties under § 6673(a)(1) for abuse of discretion. Id. at 1229.

First, we find no merit in Antolick's claim that the Tax Court erred in denying Antolick's motion to dismiss and granting the Commissioner's motion for summary judgment. The Tax Court has promulgated Rules of Practice and Procedure governing the conduct of proceedings in that court. See 26 U.S.C. § 7453 (providing that Tax Court proceedings shall be conducted in accordance with procedural rules promulgated by that court). Under Rule 53, "[a] case may be dismissed for cause upon motion of a party or upon the Court's initiative." Tax Court Rule 53.

The doctrine of mootness derives from the case or controversy limitation of Article III of the Constitution. Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The question of mootness asks whether "events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

3

Here, the Tax Court did not err in denying Antolick's motion to dismiss and in granting the Commissioner's motion for summary judgment. As the record shows, Antolick told the court at the hearing that she was willing to pay her liability, but she did not want to pay a penalty. Based on Antolick's own statements, then, the court did not err in finding that Antolick's motive for moving to dismiss was not to concede her case, but rather to avoid the § 6673 penalties, and Antolick failed to show cause for granting the motion to dismiss. Furthermore, contrary to Antolick's argument, even if she had paid her liability before the hearing, the case was not moot because the court still had to rule on the Commissioner's motion for § 6673 penalties. Bullock v. Commissioner, T.C. Memo 2006-139 (granting § 6673 penalties even after petitioner tried to voluntarily dismiss her frivolous petition). Because the issue of penalties was still "live," the court did not err in denying Antolick's motion for dismissal. Powell, 395 U.S. at 496.

Moreover, despite Antolick's claim the issue of whether her payment completely covered her liability remained unresolved, she has not shown that summary judgment was inappropriate. Regardless of whether Antolick's payment fully covered her liability, by tendering payment, Antolick conceded that she owed the liability, and there were therefore no genuine issues of material fact regarding

Antolick's 1999 tax liability. The Tax Court properly granted summary judgment in the Commissioner's favor. See Roberts, 329 F.3d at 1227.

We also reject Antolick's claim that the Tax Court abused its discretion in imposing sanctions. The Tax Court may impose sanctions on a taxpayer if "(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay," or "(B) the taxpayer's position in such proceeding is frivolous or groundless." 26 U.S.C. § 6673(a)(1)(A)-(B). In the context of an in forma pauperis application, we have held that a claim is frivolous if "it lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

The Tax Court did not abuse its discretion in imposing a penalty under § 6673 because Antolick's petition was both filed primarily for delay and frivolous. As the record shows, Antolick's assertion that she maintained the proceedings because she had not received a notice of deficiency is disingenuous -- she did not mention it in her original Tax Court petition, and did not squarely raise it until she filed her amended objection to the motion for summary judgment. Moreover, Antolick told the court that she maintained the proceedings to have her questions answered, but Antolick provides no explanation as to why she needed these questions answered to pay her liability. Additionally, she waited until February 2010, less than a month before the March 1 hearing, to submit payment to the Commissioner. This was a year and a half

5

after filing her petition in the Tax Court and six years after the IRS mailed the notice of deficiency. Thus, the record supports the conclusion that Antolick maintained the proceedings for purposes of delay. See Roberts, 329 F.3d at 1229 (holding that the Tax Court did not abuse its discretion by imposing a sanction because the record supported the conclusion that the petitioner had instituted the proceedings primarily for delay).

The record also shows that Antolick was aware that her arguments were frivolous -- Antolick had at least two warnings from the Commissioner that her arguments were frivolous before she filed her petition with the Tax Court -- and indeed, all three of her arguments were in fact frivolous. At the time of her petition, we had already identified Antolick's "income" definition argument as frivolous. Biermann v. Commissioner, 769 F.2d 707, 708 (11th Cir. 1985) (holding that an argument that the tax code does not define "income" is frivolous and noting that this argument has been "rejected by courts at all levels of the judiciary"). Further, Antolick's Paperwork Reduction Act ("PRA") argument was foreclosed by our prior precedent. See United States v. Neff, 954 F.2d 698, 700 (11th Cir. 1992) (holding that the PRA provides "no refuge from [the] statutorily-imposed duty to file income tax returns"). Finally, Antolick's argument that there was inconsistency in caselaw as to which section of the tax code imposed the duty to file a return is frivolous

6

because she has failed to explain why it was necessary for the duty to file a return to arise from only one section of the tax code, why this inconsistency affected the collection of her tax deficiency, or why she could not rely on the statute itself instead of looking to caselaw to determine the origin of the duty. See 26 U.S.C. § 6012 (stating that "[r]eturns with respect to income taxes under subtitle A shall be made by the following," and proceeding to list the individuals who must file a tax return). Accordingly, the Tax Court did not abuse its discretion by granting sanctions against Antolick under 26 U.S.C. § 6673(a)(1)(A), (B).

**PETITION DENIED.**