[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2011
JOHN LEY
CLERK

No. 10-13378
Non-Argument Calendar
_____

Tax Court No. 1273-09L

LARRY DEEMS,

Petitioner-Appellant,

versus

COMMISSIONER OF THE INTERNAL REVENUE SERVICE,

Respondent-Appellee.

_____

Appeal from a Decision of the
United States Tax Court

_____

(May 17, 2011)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Larry Deems, a taxpayer proceeding *pro se,* appeals the decision of the Tax Court in favor of the Internal Revenue Service ("IRS") and its order sanctioning him in the sum of $1,000 for presenting frivolous arguments. He contends that the decision and order should be set aside because the court erred in denying him a face-to-face Collections Due Process ("CDP") hearing and demonstrated a judicial bias against him as a *pro se* litigant.

I.

We review the Tax Court's decision to grant summary judgment *de novo* and review its imposition of sanctions for an abuse of discretion. *Roberts v. C.I.R.*, 329 F.3d 1224, 1227, 1229 (11th Cir. 2003).

A levy may not be made unless the taxpayer is notified in writing of his right to a CDP hearing. 26 U.S.C. § 6330(a)(1); *Redeker-Barry v. United States*, 476 F.3d 1189, 1190 (11th Cir. 2007). If a hearing is requested and the grounds are stated, the IRS Office of Appeals will hold the hearing. 26 U.S.C. § 6330(b)(1). During a CDP hearing, a taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy." *Id.* § 6330(c)(2)(A). Relevant issues include: "(i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives." *Id.* § 6330(c)(2)(A). The appeals officer need not consider frivolous arguments,

such as positions designated by the IRS as frivolous or arguments reflecting a desire to delay the administration of the tax laws. *Id.* §§ 6330(c)(4)(B), 6702(b)(2)(A).

A taxpayer should provide the appeals officer with "all relevant information requested," so the officer can consider "the facts and issues involved in [a CDP] hearing." 26 C.F.R. § 301.6330-1(e)(1). A taxpayer, however, may not challenge the amount or existence of the underlying tax liability unless he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

Because proceedings before an appeals officer are informal, tax regulations provide that a CDP hearing may, but is not required to, consist of a face-to-face meeting. *See Roberts*, 329 F.3d at 1228-29; *see also* 26 C.F.R. § 301.6330-1(d)(2) (A-D6) ("CDP hearings . . . are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting"). A CDP hearing may consist of one or more written or oral communications between an appeals officer and the taxpayer, with or without a face-to-face meeting. *See* 26 C.F.R. § 301.6330-1(d)(2) (A-D6). The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, do not apply to CDP hearings. *Id.* A face-to-face meeting will not

3

be granted if "the taxpayer wishes only to raise irrelevant or frivolous issues concerning [the] liability." *Id.* § 301.6330-1(d)(2) (A-D8). In addition, a face-to-face meeting regarding a collection alternative will not be granted if the taxpayer is not eligible for an alternative because, for example, he has not filed a required tax return. *Id.*

"The Tax Court may impose sanctions on a taxpayer, if he institutes or maintains proceedings primarily for delay or his position is frivolous or groundless." *Roberts*, 329 F.3d at 1229 (citing 26 U.S.C. § 6673(a)(1)(A)-(B)). We have affirmed sanctions where a taxpayer was "on notice that his claims were frivolous." *Roberts*, 329 F.3d at 1229. The Tax Court is empowered to impose sanctions in any amount up to $25,000. 26 U.S.C. § 6673(a)(1).

The record indicates that a notice of deficiency was mailed to Deems's last known address, but that Deems denied receiving it. If Deems did not receive the notice, he was entitled to challenge his underlying tax liability. Nevertheless, he chose not to do so. Instead, he repeatedly requested a face-to-face hearing, suggesting that the IRS was harassing him in its effort to collect his delinquent 2003 income taxes. Contrary to Deems's position, Appeals Settlement Officer ("ASO") Rivers was not required to give Deems a face-to-face hearing. *See Roberts*, 329 F.3d at 1228-29; *see also* 26 C.F.R. § 301.6330-1(d)(2) (A-D6, A-

4

D8).  The record demonstrated that ASO Rivers exchanged at least two written communications with Deems and attempted to contact him by phone, after providing him with notice of the date and time of the phone call.  Deems refused to provide ASO Rivers with the requested financial information, and although Deems alleges that he desired to discuss collection alternatives, he did not provide any specific arguments regarding his eligibility for a collection alternative.  *See* 26 C.F.R. § 301.6330-1(d)(2) (A-D8).

Further, at the Tax Court hearing, Deems admitted that he had earned income in 2003 as a carpenter, did not file a tax return in 2003, and had no non-frivolous issues to identify at that time—all of which provided further justification for the denial of a face-to-face hearing.  *See* 26 C.F.R. § 301.6330-1(d)(2) (A-D6, A-D8).  Consequently, the Tax Court did not err in granting the IRS's motion for summary judgment and determining that collection of the deficiency by levy could proceed; for, Deems failed to present any non-frivolous, relevant issues to be reviewed at an in-person CDP hearing.

As for the imposition of sanctions, the Tax Court was empowered to impose a penalty on Deems, in any amount up to $25,000, if it found that he raised frivolous or groundless positions or instituted and maintained the proceedings primarily for delay.  *Roberts*, 329 F.3d at 1229; 26 U.S.C. § 6673(a)(1).  In

5

*Roberts*, we affirmed sanctions where the taxpayer was "on notice that his claims were frivolous." *Roberts*, 329 F.3d at 1229. Deems was repeatedly warned about maintaining frivolous arguments; he continued to do so anyway, so the imposition of $1,000 in sanctions was not an abuse of discretion. *See* 26 U.S.C. § 6673(a)(1)(A); *see also Roberts*, 329 F.3d at 1229 (concluding that a $10,000 penalty was not an abuse of discretion). All of the arguments Deems presented were frivolous; hence, he cannot find refuge in the argument that he was not properly advised about which arguments lacked merit.

## II.

Deems claims that the judge who presided over his case was biased. He did not present the claim to the judge; thus, we review the question the judge should have recused *sua sponte* for plain error. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). To establish plain error, one must show that "(1) an error occurred; (2) the error was plain; (3) it affected [his] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Rodriguez*, 627 F.3d at 1380 (citation and quotation omitted).

"Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge is also required to disqualify herself if

6

she has a personal bias or prejudice against a party or personal knowledge of disputed evidentiary facts in the proceeding. 28 U.S.C. § 455(b)(1). The standard under § 455 is objective and "requires the court to ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation and quotation omitted).

The allegation of bias must show that "the bias is personal as distinguished from judicial in nature." *Bolin*, 225 F.3d at 1239 (citation and quotation omitted). That is, the bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Phillips v. Joint Legis. Comm. on Performance and Expenditure Review of the State of Miss.*, 637 F.2d 1014, 1020 (5th Cir. 1981) (citation and quotation omitted).[1] While a "judge's remarks in a judicial context [can] demonstrate such pervasive bias and prejudice that it constitutes bias against a party," rulings that are adverse to a party do not. *Hamm*, 708 F.2d at 651 (citation omitted). Disqualification "ordinarily may not be predicated on the

---

[1] The decisions of the former Fifth Circuit, handed down prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

judge's rulings in the instant case or in related cases." *Phillips*, 637 F.2d at 1020 (citations omitted).

With regard to bias, Deems's arguments are meritless. The purported bias stem from comments the judge made at Deems's hearing and in the orders granting summary judgment and imposing sanctions, not from any alleged personal interest in the resolution of Deems's case. The judge made no remarks in a judicial context that demonstrated a pervasive bias.

Contrary to Deems's argument, the judge's remarks concerning the origin of the materials relied upon did not demonstrate a pervasive bias against *pro se* litigants. The remarks simply commented on the origin of frivolous arguments the court had witnessed. Furthermore, the court's determination that Deems had instituted the proceeding primarily for delay did not demonstrate pervasive bias, as that determination was necessary to rule on the IRS's motion for sanctions. Rulings adverse to a party do not constitute pervasive bias. *Hamm*, 708 F.2d at 651 (citation omitted). In sum, the Tax Court exhibited no extrajudicial bias.

We accordingly affirm the court's summary judgment and imposition of sanctions.

AFFIRMED.