[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12694
Non-Argument Calendar
_____

Agency No. 024739-16 L

JON ROBERT LUDLAM,
MARIA LOUISA LUDLAM,

                                                     Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE SERVICE,

                                                     Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(June 25, 2020)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

The United States Tax Court granted summary judgment against Jon and Maria Ludlam.  Thereby, it affirmed the Office of Appeals' decision to sustain the IRS's tax collection actions against the Ludlams for Tax Year 2011 ("TY-2011").[1] Proceeding *pro se*, the Ludlams appeal.  Their appeal lacks merit.  Therefore, we affirm.

## I.

We review the Tax Court's grant of summary judgment *de novo*, reviewing the facts and applying the same standards as the Tax Court.  *Roberts v. Comm'r*, 329 F.3d 1224, 1227 (11th Cir. 2003).

## II.

Before the IRS files a notice of a federal tax lien against a taxpayer, it must notify the taxpayer of his right to request a Collections Due Process ("CDP") hearing.  *See* I.R.C. § 6320(a)(1).  However, a taxpayer may not challenge the existence or amount of the underlying tax liability at a CDP hearing if he received notice of the deficiency and did not challenge the existence or amount of the liability before the CDP hearing.  I.R.C. § 6330(c)(2)(B); Treas. Reg. § 301.6330-1(e)(3), Q&A (A-E2).

---

[1] In their petition to the Tax Court, the Ludlams also challenged the determination sustaining collections for Tax Year 2010.  Ultimately, because the liability for that year was abated, the Tax Court dismissed that issue as moot.  Because the Ludlams do not contest that determination, we address only TY-2011.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (noting that an issue is abandoned when a *pro se* litigant fails to address that issue in his opening brief).

Here, the IRS provided notice to the Ludlams that they had a tax deficiency for TY-2011, but they failed to petition the Tax Court to challenge that deficiency before their CDP hearing.  Therefore, the Ludlams were barred from challenging the amount or existence of the TY-2011 deficiency in their CDP hearing. Accordingly, summary judgment was properly awarded against the Ludlams on all of their claims that challenge the amount or existence of the TY-2011 liability, or use the disputed amount of liability as a basis for not complying with the procedures afforded to the them by the IRS.

### III.

The Ludlams's other claims on appeal relate to the adequacy of the CDP hearing they received.  We reject each of their claims.

First, the Ludlams claim that they never participated in a CDP hearing.  That claim is false.  The Tax Court properly found that the Ludlams participated in a CDP hearing by telephone.  *See* Treas. Reg. § 301.6330-1(d)(2), Q&A (A-D6) ("CDP hearings are . . . informal in nature and do not require . . . a face-to-face meeting.").

Second, the Ludlams claim that they were entitled to a face-to-face CDP hearing in front of the Office of Appeals.  But they were not.  Their only argument at the CDP hearing was based on the amount or existence of the TY-2011 liability—which, as discussed above, is frivolous because they were barred from

3

challenging the TY-2011 liability at the CDP hearing. Therefore, they were not entitled to a face-to-face CDP hearing. *See* Treas. Reg § 301.6330-1(d)(2), Q&A (A-D8) (stating that a face-to-face hearing regarding underlying liability will not be granted where the taxpayer seeks to raise irrelevant or frivolous issues).

Third, the Ludlams claim that they were given inadequate notice of the telephonic hearing and that they should have been given more time to prepare for the hearing. Even assuming that the Ludlams did not receive notice before their originally scheduled CDP hearing, they were given an additional week to submit supporting documentation and participate in a follow-up CDP hearing, but they supplied none of the requested information in that time period. Moreover, they were given a *de facto* extension of approximately one month from their original hearing date, during which time they also did not supply any of the documents that were requested, and they have never asserted what additional evidence they would have presented at a follow-up CDP hearing if given more time to prepare. Therefore, it appears that the Ludlams had ample time to prepare and present their claims, even if they never received notice of the originally scheduled CDP hearing.

IV.

Accordingly, we affirm the Tax Court's grant of summary judgment against the Ludlams.

**AFFIRMED.**

4