[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2005
THOMAS K. KAHN
CLERK

**No. 05-13234**
**Non-Argument Calendar**
_____

D. C. Docket No. 04-01082-CV-J-99-MMH

WILLIAM R. TINNERMAN,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE,

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**
_____

**(November 4, 2005)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

William R. Tinnerman appeals the district court's grant of the Internal Revenue Service's (IRS's) motion for judgment on the pleadings, in a tax levy dispute, 26 U.S.C. § 6330(d)(1). We affirm the district court.

Tinnerman asserts the IRS deprived him of due process of law because it was Congress's intent in enacting Section 6330 of the Internal Revenue Code to provide all persons with a "formal" hearing before the IRS may issue a Notice of Determination. Tinnerman requested, but was denied, the ability to record a face-to-face collection due process (CDP) hearing with an IRS appeals officer before the IRS issued a Notice of Determination imposing a tax levy against him.

We review the district court's grant of judgment on the pleadings de novo, accepting all allegations in the complaint as true and construing facts in the light most favorable to the non-moving party. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). If the amount of the underlying tax liability is not at issue in a CDP case, IRS Appeals Office determinations are reviewed for an abuse of discretion. *See Olsen v. United States*, 414 F.3d 144, 150 (1st Cir. 2005).

"The Due Process Clause of the Fourteenth Amendment requires that a private citizen be given notice and an opportunity to be heard before a government official seizes his or her property." *Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County*, 279 F.3d 1316, 1322 (11th Cir. 2002). Section 6321 of the

Internal Revenue Code provides: "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States." The IRS may collect taxes by levy upon the taxpayer's property within ten days after the Secretary provides notice and demand for payment to the taxpayer. 26 U.S.C. § 6331(a). The taxpayer is then given notice of and an opportunity for administrative review of the matter in the form of a CDP hearing, and, if dissatisfied, provided judicial review of the administrative determination. 26 U.S.C. § 6330(a)-(d). The Code of Federal Regulations expressly states because the formal requirements of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, do not apply to CDP hearings, "[a] hearing may, *but is not required to*, consist of a face-to-face meeting, one or more written or oral communications between an appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." 26 C.F.R. § 301.6330-1(d)(2)A-D6 (emphasis added).

"[P]roceedings before the appeals officer are informal. Testimony under oath is not taken and attendance or examination of witnesses is not compelled." *Roberts v. C.I.R.*, 329 F.3d 1224, 1228 (11th Cir. 2003). Section 6330(c)(2) of the Internal Revenue Code provides the "relevant issue[s]" that may be raised during a CDP hearing. *Id.* (citing 26 U.S.C. § 6330(c)(2)(A)(ii)). In *Roberts*, we relied on tax court precedent, holding "absent a showing by the taxpayer of an irregularity in the

3

Commissioner's assessment procedure," Form 4340 fulfills the due process requirements of section 6330 because it "provides at least presumptive evidence that a tax has been validly assessed." *Roberts*, 329 F.3d at 1228 (citing *Davis v. C.I.R.*, 115 T.C. 35 (T.C. 2000)). The form provided presumptive evidence of a valid assessment because it included the name of the taxpayer, date of the assessment, character of the liability assessed, taxable period, and amounts assessed. *Id.*

Even though Tinnerman received Form 4340, he asserts procedural irregularities he may have suffered include his denial of a face-to-face CDP hearing and denial of the ability to record such a hearing. However, he has not presented a single meritorious argument challenging his underlying tax liability, despite the fact he was put on notice he could not raise "constitutional, political, religious, or moral issues" to the liability. In fact, he only claimed he had not participated in any activity that would bring out tax liability, the Internal Revenue Code and Regulations did not apply to him, and he was not yet considered a taxpayer. He also refused to participate in the telephonic CDP hearing offered to him and failed to use the faxed correspondence with the appeals officer as an opportunity to raise meritorious challenges to his tax liability. He was provided an opportunity to be heard but did not take advantage of it. Tinnerman fails to argue any irregularities in

the IRS's assessment of his underlying tax liability. Tinnerman was not deprived of due process and the IRS did not abuse its discretion in issuing him the Notice of Determination.

Furthermore, because Tinnerman did not argue any irregularities in the IRS's tax assessment procedures, it is not necessary to determine whether he was entitled to take part in and record a face-to-face CDP hearing. *See Alabama Hosp. Ass'n v. Beasley*, 702 F.2d 955, 958 n.8 (11th Cir. 1983) ("Under the formulation by most courts, procedural errors are deemed harmless unless the court has a 'substantial doubt' that the agency would not have reached the result it did."). Tinnerman did not point to any evidence the outcome of the Notice of Determination might have been different if he had received such a hearing. Thus, there is no evidence a recorded, face-to-face CDP hearing would have been anything but fruitless and a waste of IRS resources. Therefore, the district court did not err in granting the IRS's motion for judgment on the pleadings, which dismissed with prejudice Tinnerman's appeal of the Notice of Determination.

**AFFIRMED.**