T.C. Memo. 2014-145

UNITED STATES TAX COURT

KEITH LEE KAYE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 882-13L.                          Filed July 23, 2014.

Keith Lee Kaye, pro se.

Peter T. McCary, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case was commenced in response to a Notice of

Determination Concerning Collection Actions Under Section 6320 and/or 6330

(notice of determination).[1]  The issue for decision is whether respondent may

_____

    [1]  Unless otherwise indicated, all section references are to the Internal

                                                        (continued...)

**[*2]** proceed with collection of petitioner's unpaid Federal income tax liability for 2005 by levy. The matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, to which petitioner objects. We conclude that there is no genuine dispute as to any material fact, and respondent is entitled to summary judgment as a matter of law.

Background

Petitioner did not file a Federal income tax return for 2005. Respondent prepared a substitute for return for 2005 pursuant to section 6020(b). On July 11, 2011, respondent mailed to petitioner a notice of deficiency for 2005, which was addressed to his last known and current address.[2] Petitioner did not file a petition contesting the deficiency determination or pay the tax liability that was later assessed.

On August 6, 2012, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing.

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The U.S. Postal Service track and ship confirm service indicates that the notice of deficiency was delivered on July 15, 2011.

**[*3]** In a letter attached to his Form 12153, petitioner claimed that "[t]he levy/lien or collection of [the] same would cause * * * [him] economic harm." Petitioner did not submit any documents in support of his claim or offer a collection alternative. On September 13, 2012, petitioner sent a letter to respondent making frivolous and groundless arguments. He enclosed with the letter several documents, including a "Birth Certificate Bond" purporting to be an instrument with an assigned value of $100 million payable to the Internal Revenue Service (IRS) in full discharge of his debt.

Settlement Officer Darlene C. Caputo of the IRS Office of Appeals (Appeals) was assigned to petitioner's case. In a letter dated October 16, 2012, petitioner continued to claim that his debt had been discharged. Petitioner also requested a face-to-face collection due process (CDP) hearing. In a letter dated October 23, 2012, Settlement Officer Caputo acknowledged receipt of petitioner's Form 12153 and (1) informed petitioner that the arguments he advanced were frivolous or groundless or arguments that Appeals employees may not consider; (2) requested that petitioner submit relevant, nonfrivolous information (such as his signed tax return for 2005, challenges to the appropriateness of the collection action, and/or proposed collection alternatives); (3) requested that petitioner submit a completed Form 433-A, Collection Information Statement for Wage

[*4] Earners and Self-Employed Individuals; (4) denied petitioner a face-to-face hearing unless he withdrew all frivolous claims; and (5) scheduled a telephone conference with petitioner for November 28, 2012.

Petitioner did not file any of the requested documents or withdraw his frivolous arguments. Instead, petitioner sent respondent additional materials containing frivolous arguments, questions, and statements. In a letter dated November 5, 2012, petitioner requested that the scheduled telephone CDP hearing be canceled. Petitioner also requested that the remainder of his CDP hearing be conducted through correspondence. In another letter dated November 14, 2012, petitioner continued to assert that his 2005 tax liability had been discharged, and also claimed, for the first time, that he had not received a notice of deficiency for 2005.

On December 13, 2012, respondent issued petitioner the notice of determination with respect to his income tax liability for 2005. In the notice of determination, respondent determined that the proposed levy should be sustained. On January 9, 2013, petitioner, residing in Florida, timely filed a petition with the Court challenging the notice of determination.

**[*5]**                                    Discussion

## I.     Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy.  Summary judgment may be granted if it is demonstrated that no genuine dispute exists as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  We conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

## II.    Determination To Sustain Proposed Levy Action

If a taxpayer requests a hearing in response to a notice of levy pursuant to section 6330, a hearing shall be held before an impartial officer or employee of Appeals.  Sec. 6330(b)(1), (3).  At the hearing the taxpayer may raise any relevant issue including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

**[\*6]** The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following a hearing, Appeals must determine whether proceeding with the proposed levy action is appropriate.  In making that determination, Appeals is required to take into consideration:  (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review Appeals' determination in connection with the section 6330 hearing.  Where the underlying tax liability is properly at issue, we review the taxpayer's liability de novo.  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  We review all other determinations for abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182; see also Tinnerman v. IRS, 156 Fed. Appx. 111, 112 (11th Cir. 2005) ("IRS Appeals Office determinations are reviewed for an abuse of discretion.").

**[*7]** A.     Petitioner's Challenge to the Underlying Tax Liability

Petitioner disputes the underlying tax liability for 2005.  Section 6330(c)(2)(B) precludes petitioner from challenging the existence or amount of the liability unless he did not receive a statutory notice of deficiency for the liability and did not otherwise have an opportunity to dispute the liability.

A properly completed U.S. Postal Service Form 3877 (Form 3877) reflecting the timely mailing of a notice of deficiency to a taxpayer at the taxpayer's last known address by certified mail, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer.  United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976) ("The form [3877] is considered highly probative evidence that the notice of deficiency was sent to the addresses specified."); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990).  Furthermore, compliance with Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner.  See Coleman v. Commissioner, 94 T.C. at 91.  If the presumption is raised and the taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency, thus precluding challenges to the underlying liability under section 6330(c)(2)(B).  See, e.g., Sego v. Commissioner, 114 T.C. at 611; Clark v. Commissioner, T.C. Memo. 2008-155.

**[\*8]** Respondent attached a Form 3877 to his motion for summary judgment showing that article No. 7161 7618 3633 4368 6753 was mailed to petitioner's last known address. Respondent introduced into evidence the notice of deficiency for 2005, which bears at the top this same article number. This creates a presumption that the notice of deficiency was mailed and delivered to petitioner's last known address. The record contains no evidence to rebut the presumption. Although petitioner disputes receiving the notice of deficiency, he did not set forth any facts to support his claim that he did not receive the notice of deficiency. See, e.g., Rule 121(d); Koprowski v. Commissioner, 138 T.C. 54, 57-58 (2012) (Court issued an order advising the taxpayer to supplement his pleadings with documents and present specific facts showing a genuine issue for trial). We find that petitioner is precluded from challenging the underlying tax liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 610-611; Goza v. Commissioner, 114 T.C. at 182-183; see also D'Arcy v. Commissioner, T.C. Memo. 2011-213.

B. Abuse of Discretion

Where, as here, a taxpayer's underlying tax liability is not properly at issue, we review the Commissioner's determination for abuse of discretion. Settlement Officer Caputo afforded petitioner an opportunity to be heard at the CDP hearing

**[\*9]** before issuing a notice of determination. A telephone hearing was scheduled for November 28, 2012; however, petitioner requested that the telephone hearing be canceled and that his CDP hearing be conducted by correspondence. Petitioner now argues that Settlement Officer Caputo abused her discretion by denying his request for a face-to-face CDP hearing. This Court has held that a face-to-face hearing is not required under section 6330. Katz v. Commissioner, 115 T.C. at 337-338; Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186; Leineweber v. Commissioner, T.C. Memo. 2004-17. We have also held that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present nonfrivolous arguments and refuses to provide requested financial information. See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.

The Court of Appeals for the Eleventh Circuit stated that "[b]ecause proceedings before an appeals officer are informal, tax regulations provide that a CDP hearing may, but is not required to, consist of a face-to-face meeting." Deems v. Commissioner, 426 Fed. Appx. 839, 841-842 (11th Cir. 2011).

**[\*10]**  Petitioner made only frivolous arguments and did not submit a Form 433-A or the supporting documentation that Settlement Officer Caputo requested. Accordingly, we find that Settlement Officer Caputo did not abuse her discretion in determining petitioner was not entitled to a face-to-face hearing and conducting the CDP hearing by correspondence, especially because petitioner requested a hearing by correspondence.

III.    Conclusion

Petitioner has not shown that Appeals' determination to sustain the proposed levy action was arbitrary, capricious, or without sound basis in fact or law.  See Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Throughout the CDP hearing, petitioner advanced arguments characteristic of tax-protester rhetoric that have been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), aff'g T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), aff'g T.C. Memo. 1983-433; Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, aff'd, 33 Fed. Appx. 346 (9th Cir. 2002).  Petitioner continued advancing his tax-protester rhetoric before this Court.  We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of

**[\*11]** precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam); see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011).

Petitioner is not entitled to challenge his underlying tax liability. We find that respondent did not abuse his discretion in sustaining the proposed levy for 2005. We now consider sua sponte whether to impose sanctions on petitioner under section 6673(a)(1). See Pierson v. Commissioner, 115 T.C. 576, 581 (2000). This section authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). The positions petitioner maintains are unquestionably frivolous, and this Court would therefore be justified in imposing additional sanctions; we instead offer a word of caution. Petitioner is admonished to refrain from advancing frivolous arguments in any future filings he may make in this Court because the Court next time is unlikely to show leniency.

**[*12]**   In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.  To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>

<u>for respondent</u>.